**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

DANIEL LEE SIEBERT,            )
                              )
Plaintiff,                     )
                              )
v.                             )    No. 2:07-cv-295-MEF-WC
                              )
RICHARD ALLEN, Commissioner,   )
Alabama Department of          )
Corrections, et al.,           )
                              )
        Defendants.            )

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS'
ANSWER AND SECOND MOTION TO DISMISS**

The defendants, pursuant to this Court's order of August 9, 2007, see Doc. 25, reply to the plaintiff's response filed on August 22, 2007, see Doc. 26.

1. On July 19, 2007, Plaintiff Daniel Lee Siebert filed an amended complaint pursuant to 42 U.S.C. § 1983. The defendants have previously filed a motion to dismiss Siebert's original complaint and have filed a motion to dismiss Siebert's amended complaint. See Docs. 13, 20, and 24. Under the binding precedent cited in those motions, Siebert's action should be dismissed and, in addition, any request for a stay of execution should be rejected. See Hill v. McDonough, 126 S. Ct. 2096 (2006); Hill v. McDonough, 464 F.3d 1256 (11th Cir. 2006), cert. denied,

1

Hill v. McDonough, 127 S.Ct. 465 (2006); Nelson v.
Campbell, 541 U.S. 637 (2004); Grayson v. Allen, 492 F.3d
1318 (11th Cir. 2007), cert. denied, Grayson v. Allen, 2007
WL 2086662 (2007); Rutherford v. McDonough, 466 F.3d 970,
976 (11th Cir.), cert. denied, 127 S.Ct. 465 (2006); Jones
v. Allen, 485 F.3d 635 (11th Cir. 2007), cert. denied,
Jones v. Allen, 127 S. Ct. 2160 (2007); Williams v. Allen,
2007 WL 2368028 (11th Cir. 2007), stay denied, Williams v.
Allen, 2007 WL 2398491 (2007).

2.  Siebert's amended complaint and his response, see
Docs. 21 and 26, state that Siebert has pancreatic cancer
and that any resulting treatment is "likely to create
complications for administration of lethal injection."
Doc. 26 at 3.  Siebert makes no further specific allegation
regarding how any treatment for his cancer will affect the
administration of lethal injection.

3.  To fill in some of the missing blanks in Siebert's
filings, the defendants include, as Exhibit A, a letter
from Dr. George Lyrene, the Department of Corrections'
Medical Director, that discusses Siebert's recent cancer
diagnosis and the treatment that he is receiving.  Dr.
Lyrene states that Siebert was recently diagnosed with

"pancreatic cancer" and that "at least half the patients who have this disease will die within 8 months of their initial diagnosis." Exhibit A at p. 1. Dr. Lyrene also states that he recently met with Siebert to discuss his health situation. Id. During that meeting, Siebert stated that he does not want any treatment for his cancer and that he signed a "do not resuscitate" order. Id. However, Siebert is receiving treatment for pain which consists of a "duragesic patch" that is apparently reapplied every 72 hours. Exhibit A at p.2. None of the other medications listed in Dr. Lyrene's letter, see id., appear to be associated with the recent cancer diagnosis. Siebert makes no allegation nor has he presented any evidence that the application of a "duragesic patch" will create a complication for the administration for a lethal injection.

4. In addition, Siebert's response (but not his amended complaint) raises a claim that cannot be considered in a § 1983 action because it challenges the constitutionality of the sentence. Doc. 26 at 5-9. Siebert contends that the death sentence in this case is "dependent" on Siebert's other capital murder conviction that is still being litigated in federal court. See Allen

3

v. Siebert, Sup. Ct. No. 06-1680, petition for certiorari filed June 15, 2007; Siebert v. Allen, 480 F.3d 1089 (11th Cir. 2007), rehearing en banc denied, Siebert v. Allen, No. 06-11841 (11th Cir. Apr. 30, 2007)(table decision).  To the extent that Siebert attempts to raise a new allegation in his § 1983 action, that claim should be dismissed because it challenges the validity of his sentence.  See Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006)("Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action.").

For the reasons stated herein and in Docs. 13, 20, and 24, Siebert's § 1983 complaint should be dismissed.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL


/s/  J. Clayton Crenshaw
J. CLAYTON CRENSHAW (CRE007)
ASSISTANT ATTORNEY GENERAL

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 29th day of August, 2007, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:  **Anne E. Borelli and Thomas M. Goggans.**

/s/   J. Clayton Crenshaw
J. CLAYTON CRENSHAW
ASSISTANT ATTORNEY GENERAL

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
(334) 242-7423 Office
(334) 353-3637 Fax
Email:  ccrenshaw@ago.state.al.us

# EXHIBIT A



# State of Alabama
## Alabama Department of Corrections

301 South Ripley Street
P. O. Box 301501
Montgomery, AL 36130



**BOB RILEY**
GOVERNOR

**RICHARD F. ALLEN**
COMMISSIONER

August 28, 2007

Commissioner Richard F. Allen
Alabama Department of Corrections
301 South Ripley St.
Montgomery AL  36104

Re:    Danial Siebert, AIS #000Z475
       D.O.B. June 17, 1954
       Holman Correctional Facility

Dear Commissioner Allen,

Inmate Danial Siebert is currently housed in an infirmary bed at the Holman Correctional Facility. He was recently diagnosed as having Pancreatic Adenocarcinoma (commonly referred to as 'pancreatic cancer'). This is one of the most serious and deadly cancers and survival is rare even with surgical intervention and other medical treatments. At least half the patients who have this disease will die within 8 months of their initial diagnosis. Secondary complications may include, but are not limited to, abdominal infection, deep vein thrombosis possibly leading to pulmonary embolus, sepsis leading circulatory shock, intestinal obstruction, kidney failure, cardiopulmonary failure, intestinal hemorrhage, etc.

I reviewed Mr. Siebert's medical record including all consults and diagnostic reports contained in his medical record at the time of my review. In addition, I visited Mr. Siebert during his convalescence from surgery in the hospital and discussed his health situation with him. He was very clear in expressing his wishes not to receive further surgery or other treatment; given very low probability of a favorable outcome. At his request, he signed a 'do not resuscitate' order and it has been place in his medical record. Based on the known facts as of this date surrounding his diagnosis, it is likely that this condition will be fatal for him within the next six (6) to twelve (12) months or possibly sooner. There is virtually no chance of long term survival for him with this tumor.

Telephone (334) 353-3883                     Fax (334) 353-3967

Mr. Siebert's medical treatment at this time includes comfort measures and palliative care to insure he stays nourished and as pain free as possible. The last nursing report, submitted on Friday, August 24, 2007, states he is receiving the following supplements and medication:

- Ensure PRN to supplement diet

- Tylenol 1000mg. Bid PRN fever

- Phenergan 25 mg. IM q 4-6 h and/or Zophran for Nausea  PRN

- Maalox 30 cc PRN

- Duragesic Patch 25mcg. Q 72 hours for pain

- Tylenol 1000mg PRN for elevated temperature

Do not hesitate to contact me should you require any additional information or clarifications.


Sincerely,


Dr. George Lyrene, MD
ADOC Consulting Medical Director



cc:    Ms. Anne Adams
       Mr. Kim Thomas
       Alabama Department of Corrections

2