IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL LEE SIEBERT, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD ALLEN, Commissioner, | ) | |
| Alabama Department of Corrections, | ) | |
| | ) | |
| GRANTT CULLIVER, Warden, | ) | |
| Holman Correctional Facility, and | ) | Case No.: 2:07-cv-295-MEF-WC |
| | ) | |
| OTHER UNKNOWN EMPLOYEES | ) | |
| AND AGENTS, | ) | |
| Alabama Department of Corrections, | ) | |
| | ) | |
| Individually, and in their | ) | |
| official capacities, | ) | |
| | ) | |
|     Defendants. | ) | |

## PLAINTIFF'S MOTION FOR PHYSICIAN ACCESS

COMES NOW the Petitioner, Daniel Lee Siebert, and moves this Honorable Court

to order the Defendants in this cause to permit access to Mr. Siebert by a physician for

purposes of a general physical examination.  Such an examination is necessary to Mr.

Siebert's presentation of his claims, which include potential complications between his

medical condition, its treatment, and the lethal injection process as conducted by the

Defendants.  Mr. Siebert further requests that this Court order the Defendants to permit Mr.

Siebert's physician to conduct his examination in the infirmary or hospital ward located at

Holman Correctional Facility and that Mr. Siebert's physician be permitted to make use of the necessary equipment and implements there available, and not readily transportable, for such an examination. In support of this request, Mr. Siebert would show the following:

1.      Mr. Siebert has brought a claim under *Nelson v. Campbell*, 541 U.S. 637 (2004), before this Court. That claim contends that Mr. Siebert's medical condition, including his terminal illness, pancreatic cancer, and any treatment he receives for that illness or in conjunction with its symptoms may interact with the lethal injection process in such a way as to cause unconstitutionally cruel and unusual punishment in the execution of his death sentence. *See, e.g.*, Amended Complaint (Doc. # 21) at ¶¶ 2, 20-23. Therefore, matters related to Mr. Siebert's medical condition and treatment are material to this cause.

2.      Mr. Siebert is in the custody and control of the Defendants. Plaintiff's experts cannot gain access to him without the permission and coöperation of the Defendants.

3.      Over the past month, through correspondence and telephone calls with the Defendants, undersigned counsel has attempted to arrange a visit for a general practitioner, licensed in the state of Alabama, to examine Mr. Siebert, without intervention by this Court. These attempts have proven unsuccessful. *See* Exhibits A through G.

4.      Mr. Siebert has a right to retain appropriate experts to assist him in litigating his claim. "Counsel must have the assistance of experts to furnish effective and competent representation. In most civil rights litigation, and in prison cases in particular, expert testimony is a vital ingredient in the proper presentation and decision of a case." *Jones v.*

2

*Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981) (overruled on other grounds).

5.     The Federal Rules of Evidence, Article VII, also presuppose that parties may present their own expert witnesses.  Additionally, Rule 702, Federal Rules of Evidence, requires that an expert witness' testimony must be based on "sufficient facts or data."  Mr. Siebert cannot present "sufficient facts or data" relative to his condition if his expert is permitted no access to him in order to make his own observations.

6.     Furthermore, Mr. Siebert has a constitutional right of access to the courts as a matter of due process under the Fifth and Fourteenth Amendments.  *See Bounds v. Smith*, 430 U.S. 817, 822-24 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 577-80 (1974) (prisoners' right of access extends to civil rights actions); *Ross v. Moffitt*, 417 U.S. 600, 616 (1974) (states must "assure the indigent defendant an adequate opportunity to present his claims fairly").  The Defendants, state actors, have "placed a substantial impediment in the way" of Mr. Siebert's ability to support his *Nelson* claim.  *See Nooner v. Norris*, — F.3d —, 2007 WL 2403740, at *4 (8th Cir. August 24, 2007) (Bye, J., concurring) (*citing Christopher v. Harbury*, 536 U.S. 403, 412-13 (2002) ("essence of [one of two types of] access claim[s] is that official action is presently denying an opportunity to litigate for a class of potential plaintiffs")).  Denial of access to a medical professional to assist in preparing Mr. Siebert's *Nelson* claim constitutes denial of his right of access to the courts.  *See Nooner*, 2007 WL 2403740, *id.*

7.     Alabama law also provides that a death-sentenced prisoner has a right of access

3

to his physician.  Ala. Code 1975 § 15-18-81.  *See* Exhibit H.

8.    The interests of justice and the prohibition against cruel and unusual punishment under the Eighth and Fourteenth Amendments require that Mr. Siebert not be impelled to rely solely on the representations of the Defendants' medical providers and experts to make his case.

WHEREFORE, Mr. Siebert moves this Court to order the Defendants:

1)    to permit access by a general practitioner and any other consultants or experts Mr. Siebert employs in the prosecution of his claims to Mr. Siebert at Holman Correctional Facility;

2)    to permit said consultants and experts to make use of necessary medical facilities and equipment to conduct examinations in a manner not to interfere with the provision of medical services to inmates at Holman; and

3)    to schedule such access at a time reasonably convenient to said consultants or experts.

4

Dated: September 26, 2007.

Respectfully submitted,

/s/ Anne E. Borelli
ANNE E. BORELLI
Federal Defenders
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail:anne_borelli @fd.org
AL Bar Code: BOR -016


Thomas M. Goggans
Ala. S.J.I.S. GOG001
2030 East Second Street
Montgomery, AL 361056
Phone: 334-834-2511
Fax: (334) 834-2512
E-mail: tgoggans@tgoggans.com

Counsel for Daniel Lee Siebert, Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL LEE SIEBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD ALLEN, Commissioner, | ) | |
| Alabama Department of Corrections, | ) | |
| | ) | |
| GRANTT CULLIVER, Warden, | ) | |
| Holman Correctional Facility, and | ) | Case No.: 2:07-cv-295-MEF-WC |
| | ) | |
| OTHER UNKNOWN EMPLOYEES | ) | |
| AND AGENTS, | ) | |
| Alabama Department of Corrections, | ) | |
| | ) | |
| Individually, and in their | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2007, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to each of the following:

James Clayton Crenshaw, Esq.
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Tel.: (334) 242-7300
Fax: (334) 353-8440

Email: ccrenshaw@ago.state.al.us

James William Davis, Esq.
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Tel.: (334) 242-7300
Fax: (334) 353-8440
Email: jimdavis@ago.state.al.us

Jasper Beroufon Roberts, Jr., Esq.
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Tel.: (334) 353-4848
Fax: (334) 353-3637
Email: jroberts@ago.state.al.us

Corey Landon Maze
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Tel.: (334) 353-4336
Fax: (334) 353-3637
Email: cmaze@ago.state.al.us

Respectfully submitted,

/s/ Anne E. Borelli
ANNE E. BORELLI

# EXHIBIT A

# FEDERAL DEFENDERS

## MIDDLE DISTRICT OF ALABAMA
### FEDERAL DEFENDER PROGRAM, INC.
### 201 MONROE STREET, SUITE 1960
### MONTGOMERY, AL 36104
TELEPHONE (334) 834-2099
FACSIMILE (334) 834-0353
Website: www.almfd.org

CHRISTINE A. FREEMAN
Executive Director

August 15, 2007

**VIA HAND DELIVERY**

Mr. Richard Allen, Commissioner
Alabama Department of Corrections
301 S. Ripley Street
P.O. Box 301501
Montgomery, AL. 36130-1501

**Re: Physician's Access to Daniel Siebert, Z-475**

Dear Commissioner Allen:

Given the serious nature of Mr. Siebert's medical condition, I am writing to request approval for a physician of our choosing to conduct a general physical examination of Mr. Siebert. We would ask that our physician be permitted to use the facilities and equipment available in the infirmary at Holman Correctional Facility, where Mr. Siebert is incarcerated. Our physician would not be prescribing or administering medication.

We would like to have this physical examination take place as soon as reasonably possible. Please contact me at the number given above to schedule and discuss this matter further.

Thank you for your assistance in this matter.

Sincerely,

*Anne Borelli*

Anne Borelli
Assistant Federal Defender
Counsel for Daniel Siebert

AEB/

cc:    Vernon Barnett, Chief Deputy Commissioner, Alabama Department of Corrections
       Grantt Culliver, Warden, Holman Correctional Facility

*In Memory: John William Focke, II 1949 - 2001*

EXHIBIT B

# FEDERAL DEFENDERS

## MIDDLE DISTRICT OF ALABAMA
### FEDERAL DEFENDER PROGRAM, INC.
### 201 MONROE STREET, SUITE 1960
### MONTGOMERY, AL 36104
TELEPHONE (334) 834-2099
FACSIMILE (334) 834-0353
Website: www.almfd.org

CHRISTINE A. FREEMAN
Executive Director

September 14, 2007

**VIA FACSIMILE (251) 368-8917**
**COPY VIA UNITED STATES MAIL**

Mr. Grantt Culliver, Warden
Holman Correctional Facility
Post Office Box 3700
Atmore, Alabama 36503
(251)368-8173

**Re: Physician Access to Daniel Siebert, Z-475**

Dear Mr. Culliver:

I am writing to confirm the message conveyed to me through your secretary on Friday, September 7, 2007. I requested that a visit be scheduled for Mr. Siebert's private physician in order to conduct a general physical examination. I reported to you, through your secretary, that I had been informed that the Department of Corrections medical personnel had approved Mr. Siebert's physician's use of the medical facilities and equipment at Holman to conduct his examination. Your secretary reported to me that you would not grant permission for such a visit without a directive from the "central office," i.e., the Department of Corrections.

If there is any inaccuracy in the above summary, to the best of your recollection, please notify me in writing immediately.

Sincerely,

*Anne Borelli*

Anne Borelli
Assistant Federal Defender
Counsel for Daniel Siebert

AEB/

cc:   Mr. Richard Allen, Commissioner, Alabama Department of Corrections
      Mr. Vernon Barnett, Chief Deputy Commissioner, Alabama Department of Corrections
      Mr. J. Clayton Crenshaw, Assistant Attorney General, Office of the Attorney General

*In Memory: John William Focke, II 1949 - 2001*

EXHIBIT C

# FEDERAL DEFENDERS
## MIDDLE DISTRICT OF ALABAMA
### FEDERAL DEFENDER PROGRAM, INC.
### 201 MONROE STREET, SUITE 1960
### MONTGOMERY, AL 36104
TELEPHONE (334) 834-2099
FACSIMILE (334) 834-0353
Website: www.almfd.org

CHRISTINE A. FREEMAN
Executive Director

September 14, 2007

**VIA HAND DELIVERY**

Mr. Vernon Barnett, Chief Deputy Commissioner, Alabama Department of Corrections
301 S. Ripley Street
P.O. Box 301501
Montgomery, AL. 36130-1501

**Re: Physician Access to Daniel Siebert, Z-475**

Dear Chief Deputy Commissioner Barnett:

This is to confirm our telephone conversation on Wednesday, September 12, 2007, concerning scheduling a visit for a physician to conduct a general physical examination of Mr. Siebert. It is my understanding from prior conversations that the Department of Corrections does not oppose such a visit, but that the Attorney General's office considers any such visit a litigation matter and has instructed you that my request would have to be routed through them.

If there is any inaccuracy in the above summary, please notify me in writing immediately.

Sincerely,

*Anne Borelli*

Anne Borelli
Assistant Federal Defender
Counsel for Daniel Siebert

AEB/

cc:    Mr. Richard Allen, Commissioner, Alabama Department of Corrections
       Mr. Grantt Culliver, Warden, Holman Correctional Facility
       Mr. Clay Crenshaw, Assistant Attorney General, Office of the Attorney General

*In Memory: John William Focke, II 1949 - 2001*

# EXHIBIT D

# FEDERAL DEFENDERS

## MIDDLE DISTRICT OF ALABAMA
### FEDERAL DEFENDER PROGRAM, INC.
### 201 MONROE STREET, SUITE 1960
### MONTGOMERY, AL 36104
TELEPHONE (334) 834-2099
FACSIMILE (334) 834-0353
Website: www.almfd.org

CHRISTINE A. FREEMAN
Executive Director

September 14, 2007

**VIA FACSIMILE: 334-353-3637**

Mr. J. Clayton Crenshaw, Assistant Attorney General
Office of the Attorney General
11 South Union Street
Montgomery, AL. 36130

### Re: Physician Access to Daniel Siebert, Z-475

Dear Mr. Crenshaw:

This is to confirm our telephone conversation yesterday Thursday, September 13, 2007, concerning scheduling a visit for a physician to conduct a general physical examination of Mr. Siebert. You stated that you do not have authority either to approve or disapprove such a visit, but that if the examination is related to litigation, Mr. Siebert should file a motion with the court. You further stated that you do not believe that individual inmates have a right to visits from private physicians and that Mr. Siebert should refer to Department of Corrections medical personnel for treatment consultations. Finally, you stated that it was your understanding that Mr. Siebert had already made a decision respecting his treatment, but that if he wished to change his decision he should still consult with DOC medical personnel.

I responded that Mr. Siebert's "decision" respecting treatment was not a competent decision, in that the discussion with Dr. Lyrene occurred while Mr. Siebert was in the hospital (Atmore Community Hospital) and heavily sedated, that I had been denied access to Mr. Siebert during that week (July 30 through August 3) because Mr. Siebert was under sedation, and that Mr. Siebert has no recollection of speaking to Dr. Lyrene. I further stated that in order to make an informed decision, Mr. Siebert needs to consult with his own physician and that he has a right under Alabama Code 1975 section 15-18-81 to visits from his own physician.

*In Memory: John William Focke, II 1949 - 2001*

Our discussion concluded with your repeated statement that you did not have authority to approve or disapprove a physician's visit.

If there is any inaccuracy in the above recitation, please notify me in writing immediately.

Sincerely,

*anne Borelli*

Anne Borelli
Assistant Federal Defender
Counsel for Daniel Siebert

AEB/

cc:   Mr. Richard Allen, Commissioner, Alabama Department of Corrections
      Mr. Vernon Barnett, Chief Deputy Commissioner, Alabama Department of Corrections
      Mr. Grantt Culliver, Warden, Holman Correctional Facility

EXHIBIT E



**State of Alabama**

**Alabama Department of Corrections**

W. C. Holman Correctional Facility
Holman 3700
Atmore, AL 36503
September 17, 2007



**BOB RILEY**
GOVERNOR

**RICHARD ALLEN**
COMMISSIONER

Anne Borelli, Asst. Federal Defender
Federal Defender Program, Inc.
201 Monroe St., Suite 1960
Montgomery, AL 36104

Re:    Physician Access to Daniel Siebert, 00Z475

Dear Ms. Borelli,

I am in receipt of your letter referencing a conversation you had with my secretary on September 7, 2007. My secretary did not state to me, nor have I been told through any other means, that you had been informed that the Department of Corrections medical personnel had approved "Mr. Siebert's physician's use of the medical facilities and equipment at Holman to conduct his examination." I did advise my secretary to tell you that I would not approve for a physician to enter the facility to examine inmate Siebert without a directive from "central office".

Sincerely,

Grantt Culliver, Warden III

cc:    Vernon Barnett, Chief Deputy Commissioner
James Deloach, Associate Commissioner of Operations
Gwendolyn Mosley, Institutional Coordinator
Kim Thomas, General Counsel
Clay Crenshaw, Asst. Attorney General
File

Telephone (251) 368-8173                    Fax (251) 368-8917
"Striving to be the BEST!"

RECEIVED
SEP 2 0 2007
By BKS

# EXHIBIT F



# State of Alabama
# Department of Corrections

Alabama Criminal Justice Center
301 South Ripley Street
P. O. Box 301501
Montgomery, AL  36130-1501
(334) 353-3883



BOB RILEY
GOVERNOR

RICHARD F. ALLEN
COMMISSIONER

September 18, 2007


Anne Borelli, Asst. Federal Defender
Federal Defender Program, Inc.
201 Monroe St., Suite 1960
Montgomery, AL  36104


Re:     Physician Access to Daniel Siebert, 00Z475

Dear Ms. Borelli,

I am in receipt of your letter dated September 14, 2007.  Please understand that the Department of Corrections must oppose a "visit for a physician to conduct a general physical examination of Mr. Siebert." In addition, I want to make it clear that the granting of access for a physician to conduct a physical examination of a death row inmate can only be made pursuant to Court Order and, therefore, the visit must be related to a matter currently in litigation.

Sincerely,

A. Vernon Barnett, Chief Deputy Commissioner


cc:     Grantt Culliver, Warden III
        James Deloach, Associate Commissioner of Operations
        Gwendolyn Mosley, Institutional Coordinator
        Kim Thomas, General Counsel
        Clay Crenshaw, Asst. Attorney General
        File


RECEIVED
SEP 2 0 2007
By BKS

EXHIBIT G



**STATE OF ALABAMA**
**OFFICE OF THE ATTORNEY GENERAL**

TROY KING
ATTORNEY GENERAL

ALABAMA STATE HOUSE
11 SOUTH UNION STREET
MONTGOMERY, AL 36130
(334) 242-7300
WWW.AGO.STATE.AL.US

September 16, 2007

**Via Facsimile: 334.834.0363**

Ms. Anne Borelli
Federal Defenders
201 Monroe Street, Suite 1960
Montgomery, AL 36104

    Re: <u>Siebert v. Allen</u>, 2:07-cv-295-MEF-WC

Dear Ms. Borelli:

    I am in receipt of your letter dated September 14, 2007, that attempts to memorialize our telephone conversation on the previous day. Because your letter contains numerous inaccuracies, I offer this response.

    You stated in our telephone conversation that Siebert allegedly told you he does not remember anything regarding his discussion with Dr. Lyrene when they discussed treatment options because he was "medicated." In our telephone conversation you did not state that he was "incompetent" to make such a decision, as you now indicate in your letter. Your letter states that you want Siebert "to consult with his own physician" but in our telephone conversation you specifically stated only that this unnamed physician wants to discuss "treatment options" with Siebert. Your letter also states that this physician will "conduct a general physical examination." You stated in our telephone conversation that you believe Ala. Code § 15-18-81 entitles Siebert to a visit from a physician of your choice. I don't agree. Siebert is receiving medical care offered by the Department of Corrections and that statute does not entitle death row inmates to a visit from a physician sent by their counsel.



RECEIVED
SEP 1 8 2007
By _____

The medical records, of which you have been given a copy, indicate that Siebert made a decision to not receive treatment for his pancreatic cancer.    Instead, Siebert has decided to be given medication for pain.    I did state in our conversation, as accurately reflected in your letter, that if Siebert has changed his mind then he should communicate with his doctor at Holman.    My suspicion is that you may not agree with Siebert's decision to not receive any medical treatment for his cancer.

I did state in our telephone conversation, as accurately reflected in your letter, that I do not have the authority to give permission for a death row inmate to be visited by a doctor sent by his counsel.

Sincerely,

Clay Crenshaw
Assistant Attorney General
Counsel for Commissioner Allen

cc: Mr. Richard Allen, Commissioner, ADOC
    Mr. Vernon Barnett, Chief Deputy Commissioner, ADOC
    Mr. Grantt Culliver, Warden, Holman Corr. Facility

EXHIBIT H

Ala.Code 1975 § 15-18-81

Code of Alabama Currentness
   Title 15. Criminal Procedure. (Refs & Annos)
      Chapter 18. Sentence and Punishment. (Refs & Annos)
        Article 5. Death Penalty. (Refs & Annos)
          ⇒**§ 15-18-81. Confinement until execution; certain persons may visit condemned person.**

Upon the receipt of a condemned person by the warden of Holman prison, he shall be confined therein until the time for his execution arrives; and, while so confined, all persons outside the said prison shall be denied access to him, except his physician and lawyer, who shall be admitted to see him when necessary to his health or for the transaction of business, and the relatives, friends and spiritual advisors of the condemned person, who shall be admitted to see and converse with him at all proper times, under such reasonable rules and regulations as may be made by the Board of Corrections.

(Acts 1923, No. 587, p. 759; Code 1923, § 5313; Code 1940, T. 15, § 347; Acts 1971, No. 2360, p. 3792.)

HISTORY

Code Commissioner's Notes

Acts 1979, No. 79-426, p. 667, effective October 1, 1979, abolished the Board of Corrections and vested all its rights, duties, power, property, etc., in the Governor, and authorized him to exercise such functions and duties himself or through designated administrators. See §§ 14-1-15 through 14- 1-17, and also Acts 1979, No. 79-154, p. 253.

Ala. Code 1975 § 15-18-81, AL ST § 15-18-81

Current through End of 2007 Regular Session.
Copr © 2007 by State of Alabama. All rights reserved.
END OF DOCUMENT

(C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.