IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL LEE SIEBERT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 2:07-cv-295-MEF |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER ENTERED ON SEPTEMBER 28, 2007**

The defendants hereby object to the Magistrate Judge's Order, entered on September 28, 2007, which granted Siebert's motion for a general practitioner to perform a "general physical examination." See Doc. 35. This objection is filed pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).

**I. Background**

On July 19, 2007, Siebert filed an amended complaint pursuant to 42 U.S.C. § 1983. The defendants have previously filed a motion to dismiss Siebert's original complaint and have filed a motion to dismiss Siebert's amended complaint. See Docs. 13, 20, and 24. Siebert's amended complaint and his response, see Docs. 21 and 26, state that Siebert has pancreatic cancer and that any

1

resulting treatment is "likely to create complications for administration of lethal injection." Doc. 26 at 3. Siebert makes no further specific allegation regarding how any treatment for his cancer will affect the administration of lethal injection. Siebert has made no underlying constitutional claim regarding his medical condition.

The defendants have presented medical records which demonstrate that Siebert was recently diagnosed with "pancreatic cancer" and will die from this disease in the near future. See Doc. 28, Ex. A at p. 1. The defendants also presented medical records which established that Siebert does not want any treatment for his cancer and that he signed a "do not resuscitate" order. Id. Siebert is receiving treatment for pain which consists of a "duragesic patch" that is apparently applied every 72 hours. Id. at p. 2. Siebert, in subsequent filings, has not disputed any of these facts. Finally, Siebert makes no allegation nor has he presented any evidence that the application of a "duragesic patch" will create a complication for the administration for a lethal injection.

On September 26, 2007, Siebert filed a motion requesting a "physician" perform a "general physical

examination." Doc. 32 at 1. Siebert's motion contended that "[s]uch an examination is necessary to Siebert's presentation of his claims, which include potential complications between his medical condition, its treatment, and the lethal injection process as conducted by the Defendants." Id. Finally, Siebert contends this claim is brought pursuant to Nelson v. Campbell, 541 U.S. 637 (2004).

## II. LEGAL STANDARD

This objection is reviewed pursuant to Rule 72(a), Fed. R. Civ. P., which provides that, when timely objections are made to a magistrate judge's order on a nondispositive matter, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Id.; see also 28 U.S.C. § 636(b)(1)(A)(reciting same standard); In re Commissioner's Subpoenas, 325 F.3d 1287, 1292 n. 2 (11th Cir. 2003)(observing that district court properly applied "clearly erroneous or contrary to law" standard of review in reconsidering magistrate judge's determination of pretrial matter). As the following demonstrates, the

3

Magistrate Judge's order is clearly erroneous or contrary to law.

### III. SIEBERT HAS NOT DEMONSTRATED GOOD CAUSE TO HAVE A PHYSICAL EXAMINATION

Rule 35(a) of the Federal Rules of Civil Procedure allows a physical or mental examination of an individual when such condition "is in controversy." Although Siebert contends he is bringing his claim pursuant to Nelson, he does not allege the nature of his constitutional claim. The parties here agree that Siebert is suffering from pancreatic cancer, thus a "physical examination" by a "physician" is not relevant to any of the allegations in the complaint. Furthermore, Siebert does not specifically state what the "physical exam" will encompass. For example, Siebert does not state what tests will be performed or whether the exam will be done to confirm the cancer diagnosis. In addition, Siebert does not state whether the "physician" is an oncologist or a general practitioner.

Siebert's counsel is continually being provided with Siebert's medical records. Thus, Siebert has information about his diagnosis, medical treatment, and medication that he is receiving. Siebert has the information to allege any

4

claim regarding "potential complications between his medical condition, its treatment, and the lethal injection process as conducted by the Defendants." Doc. 32 at 1.

Finally, Siebert contends he is bringing his claim pursuant to Nelson, but that case is irrelevant to the vague claim that Siebert makes here. In Nelson, 541 U.S. at 644-45, the Supreme Court ruled that § 1983 is an appropriate vehicle for a death row inmate to challenge Alabama's proposed use of a "cut-down" procedure to access his veins during the lethal injection procedure. The plaintiff inmate in Nelson based his challenge on his contention that the cut-down procedure was wholly unnecessary to gaining venous access. Id. at 646. The defendants have not suggested that a cut-down procedure will be used and Siebert does not make any contention that a procedure that will be wholly unnecessary to gaining venous access will be used. Thus, to the extent that there is such a thing as a "Nelson claim," Siebert does not allege it.

In sum, the Magistrate Judge's order is clearly erroneous and contrary to law because a "physical

examination" is irrelevant to the contentions alleged in Siebert's complaint.

                              Respectfully submitted,

                              TROY KING
                              ALABAMA ATTORNEY GENERAL

                              /s/   J. Clayton Crenshaw
                              J. CLAYTON CRENSHAW
                              ASSISTANT ATTORNEY GENERAL

## **CERTIFICATE OF SERVICE**

This is to certify that on the 1st day of October, 2007, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:  **Anne E. Borelli and Thomas M. Goggans.**

/s/   J. Clayton Crenshaw
J. CLAYTON CRENSHAW
ASSISTANT ATTORNEY GENERAL

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
(334) 242-7423 Office
(334) 353-3637 Fax
Email:  ccrenshaw@ago.state.al.us