IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL LEE SIEBERT, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD ALLEN, Commissioner, | ) | |
| Alabama Department of Corrections, | ) | |
| | ) | |
| GRANTT CULLIVER, Warden, | ) | |
| Holman Correctional Facility, and | ) | Case No.: 2:07-cv-295-MEF-WC |
| | ) | |
| OTHER UNKNOWN EMPLOYEES | ) | |
| AND AGENTS, | ) | |
| Alabama Department of Corrections, | ) | |
| | ) | |
| Individually, and in their | ) | |
| official capacities, | ) | |
| | ) | |
|     Defendants. | ) | |

## PLAINTIFF'S NOTICE OF FILING

Plaintiff, Daniel Lee Siebert, by and through undersigned counsel, hereby gives notice

that he has filed an Emergency Motion to Rescind Order Setting Execution Date and Stay

Execution with the Alabama Supreme Court on October 11, 2007. That motion is filed with

this notice.

1

Dated: October 12, 2007.

Respectfully submitted,

/s/Anne E. Borelli
ANNE E. BORELLI
AL SJIS: BOR -016
E-mail:anne_borelli @fd.org

Christine A. Freeman
TN BAR NO.: 11892
E-mail: Christine_Freeman@fd.org

Federal Defenders
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353


Thomas M. Goggans
Ala. S.J.I.S. GOG001
2030 East Second Street
Montgomery, AL 361056
Phone: 334-834-2511
Fax: (334) 834-2512
E-mail: tgoggans@tgoggans.com

*Counsel for Daniel Lee Siebert, Plaintiff*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **DANIEL LEE SIEBERT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **RICHARD ALLEN, Commissioner,** | ) |
| **Alabama Department of Corrections,** | ) |
| | ) |
| **GRANTT CULLIVER, Warden,** | ) |
| **Holman Correctional Facility, and** | )     **Case No.: 2:07-cv-295-MEF-WC** |
| | ) |
| **OTHER UNKNOWN EMPLOYEES** | ) |
| **AND AGENTS,** | ) |
| **Alabama Department of Corrections,** | ) |
| | ) |
| **Individually, and in their** | ) |
| **official capacities,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 12, 2007, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to each of the following:

James Clayton Crenshaw, Esq.
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Tel.: (334) 242-7300
Fax: (334) 353-8440
Email: ccrenshaw@ago.state.al.us

3

James William Davis, Esq.
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Tel.: (334) 242-7300
Fax: (334) 353-8440
Email: jimdavis@ago.state.al.us

Jasper Beroufon Roberts, Jr., Esq.
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Tel.: (334) 353-4848
Fax: (334) 353-3637
Email: jroberts@ago.state.al.us

Corey Landon Maze
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Tel.: (334) 353-4336
Fax: (334) 353-3637
Email: cmaze@ago.state.al.us

Respectfully submitted,

/s/ Anne E. Borelli
ANNE E. BORELLI

4

IN THE SUPREME COURT OF ALABAMA

FILED

OCT 1 1 2006

CLERK
SUPREME COURT OF ALABAMA

**EXECUTION DATE SET FOR OCTOBER 25, 2007**

| | |
|---|---|
| Ex parte DANIEL LEE SIEBERT | ) |
| | ) |
| In re: State of Alabama, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1890269 |
| | ) |
| Daniel Lee Siebert, | ) |
| | ) |
| Respondent | ) |

## RESPONDENT'S EMERGENCY MOTION TO RESCIND ORDER SETTING EXECUTION DATE AND STAY EXECUTION

COMES NOW the Respondent, Daniel Lee Siebert, by and through undersigned counsel, and moves this Honorable Court to rescind its Order of July 30, 2007, setting an execution date of October 25, 2007, for Mr. Siebert. In support of this Motion, Mr. Siebert would show the following:

1. On September 25, 2007, the United States Supreme Court granted a petition for certiorari to the Kentucky Supreme Court raising four questions related to lethal injection procedures. *See* Exhibit A (Order, *Baze v. Rees*, No. 07-5439). Those questions include the standard for determining what is cruel and unusual punishment under the Eighth Amendment to the United States Constitution and whether the three-drug sequence employed by Kentucky-and by

1

Alabama—meets constitutional requirements. The answers to these questions will be controlling for all those states currently employing a three-drug protocol. Therefore, this Court should grant a stay of Mr. Siebert's execution until the *Baze* case is resolved.

2.    Further, on September 27, 2007, the United States Supreme Court granted a stay of execution in the Texas case of Carlton Turner, setting 90 days for the petitioner to file a petition for certiorari respecting lethal injection procedures in that state.    *See Turner v. Texas*, --- U.S. ---, 2007 WL 2803693 (Sept. 27, 2007).    On information and belief, Mr. Turner filed a successor post-conviction petition within days of his scheduled execution date.    The state courts denied the petition, but the United States Supreme Court granted a stay. *See* Exhibit B.    The Supreme Court's action in Mr. Turner's case supports the conclusion stated in paragraph 1.

3.    Subsequently, the Texas Court of Criminal Appeals on October 2, 2007, stayed the execution of Heliberto Chi, ordering the State to respond to Mr. Chi's allegations that Texas' lethal injection protocols do not comply with constitutional requirements. *In re Heliberto Chi*, Case No.WR-61,600-03, Order (Tex. Ct. Crim. App. Oct. 2, 2007) (granting

2

stay of execution to allow state to "address the question of whether the current method of administering lethal injection in Texas constitutes cruel and unusual punishment such that the respondent would violate the Eighth Amendment if he complied with the Warrant of Execution"). *See also* Exhibit C. The effect of the Texas court's action is likely to be postponement of Mr. Chi's execution until the resolution of *Baze*.

4.    On October 3, 2007, the Attorney General of Oklahoma requested that state's Court of Criminal Appeals to postpone setting any execution dates until a decision is rendered in *Baze*. *Short v. State*, Case No. D-97-540, State's Notice of Exhaustion  of State and Federal Appeals (Okla. Crim. App. Oct. 3, 2007) (asking the court not to set execution date for Terry Lyn Short "[o]ut of an abundance of caution" pending Supreme Court's decision in *Baze*).    *See* Exhibit D.

5.    In California, United States District Judge Jeremy Fogel has ordered changes to that state's lethal injection protocol to comply with constitutional requirements. *Morales v. Tilton*, 465 F. Supp. 2d 972 (N.D. Calif. 2006). Executions appear to be on hold since that decision was issued.  In a recent order addressing the impact of the certiorari grant in

3

*Baze*, Judge Fogel stated, "While the issues presented in *Morales v. Tilton* are not identical in all respects to those before the Supreme Court in *Baze*, it would appear that at the very least the Supreme Court's decision in *Baze* is likely to affect this Court's legal analysis and conclusions." *Morales v. Tilton*, No. 5:06-cv-219-JF (Doc. # 335 at *2) (N.D. Calif. Sept. 26, 2007). *See* Exhibit E.

6.   In Delaware, United States District Judge Sue L. Robinson issued an order on September 26, 2007, staying proceedings in the lethal injection challenge pending in her court explicitly as a result of the grant of certiorari in *Baze*. *Jackson v. Danberg*, Civ. No. 06-300-SLR (Doc. # 80) (D. Del. Sept. 26, 2007). *See* Exhibit F.

7.   The Supreme Court's action in granting a petition for certiorari on these Eighth Amendment matters to one petitioner and in granting a stay to another means that a national standard will be set in the not-too-distant future. The Texas courts have read the Supreme Court's actions as mandating that they, too, hold executions in abeyance while the issue is pending before that higher court.   Similarly, the *Morales* court has indicated that, while discovery and an evidentiary hearing may continue before an opinion is issued in *Baze*, the

4

Supreme Court's decision will have a significant impact on the determination of the case before it. The *Jackson* court went further and suspended all proceedings pending a decision in *Baze*. Given these developments, for the State of Alabama to proceed in its intent to execute Mr. Siebert prior to the Supreme Court's decision would be arbitrary, improper and unjust. *See, e.g., Timberlake v. State*, 859 N.E.2d 1209, 1212 (Ind. 2007) (granting stay of execution where a challenge was made under *Ford v. Wainwright*, 477 U.S. 399 (1986), because the Supreme Court had granted certiorari in *Panetti v. Quarterman*, 127 S. Ct. 2842 (2007)) ("If the Supreme Court interprets the Eighth Amendment in a manner significantly different from Justice Powell's concurrence in *Ford*, Timberlake's execution may prove to be prohibited by the Eighth Amendment. We grant a stay to prevent learning the answer to that question after it is too late").

8.    Actual or virtual stays are in place in a number of other states as well. A recent decision of the United States District Court for the Middle District of Tennessee has halted executions in that state on the basis that a lethal injection protocol virtually identical to Alabama's violates the constitutional prohibition against cruel and unusual

5

punishment. *Harbison v. Little*, --- F. Supp. 2d ---, 2007 WL 2821230 (M.D. Tenn. Sept. 19, 2007). The State of Tennessee subsequently moved to vacate the execution order in light of this decision. *In re Harbison*, Case No. M1986-00093-SC-OT-DD, Motion to Vacate Order Setting Execution Date (Tenn. S.Ct. Sept. 24, 2007).

9. Executions are also on hold for various reasons related to lethal injection challenges in at least the following additional states: Florida, Maryland, New Jersey, North Carolina, and Ohio.[1] *See* "Lethal Injections: Other O f f i c i a l   A c t i o n s "   a t http://www.deathpenaltyinfo.org/article.php?did=1686&scid=64.

10. The State of Alabama has represented to the United States Supreme Court that its reasons for undertaking changes to its protocol are an "apparent" response to *Baze*. *See* Exhibit G. It is only proper that a consideration of whether Alabama's response to *Baze* is adequate be postponed until the Supreme Court's decision in that case is issued.

---

[1] Litigants in the class action challenge to Ohio's protocol have been granted preliminary injunctions staying execution while the petition for certiorari to the Sixth Circuit for its decision in *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007), is pending before the Supreme Court. *See, e.g., Cooey v. Taft*, 2007 WL 2607583 (S.D. Ohio Sept. 05, 2007) (granting stay to plaintiff-intervenor).

11.  Challenges to Alabama's lethal injection protocol are currently pending in the federal District Court for the Middle District of Alabama.  *See McNair v. Allen*, No. 2:06-cv-695-WKW-CSC (M.D. Ala. filed Aug. 7, 2006); *Siebert v. Allen*, No. 2:07-cv-295-MEF-WC (M.D. Ala. filed April 9, 2007).  Those cases have not yet reached resolution.

11.  Given that the Supreme Court's decision in *Baze* will decide the fundamental issues of what constitutes cruel and unusual punishment under the Eighth Amendment and whether a three-drug protocol nearly identical to Alabama's meets constitutional requirements, it would serve the interests of justice for the State of Alabama and this Honorable Court to postpone Mr. Siebert's execution until such time as that decision is rendered.

12.  Mr. Siebert also renews his previous arguments that setting an execution date is premature where review of his Talladega County conviction, used as an aggravating circumstance to obtain the death penalty in this Lee County case, is incomplete and where his challenge to Alabama's lethal injection procedures, based on both the protocol itself and his advanced stage of pancreatic cancer, is still pending in the federal District Court for the Middle District of

7

Alabama.

WHEREFORE, for the reasons stated above, or any other reason discernible by this Court, this Court should rescind its Order Setting an Execution Date for Daniel Lee Siebert and stay his execution pending the decision of the United States Supreme Court in *Baze v. Rees*.

Dated: October 11, 2007.

Respectfully submitted,

*Anne E Borelli*

ANNE E. BORELLI
Ala. SJIS: BOR-016
Federal Defenders
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
TEL: (334) 834-2099
FAX: (334) 834-0353
E-mail: anne_borelli@fd.org

LESLIE S. SMITH
Ala. SJIS: SMI-162
Assistant Federal Defender
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
TEL: (334) 834-2099
FAX: (334) 834-0353
E-mail: leslie_smith@fd.org

LAJUANA DAVIS
Ala. SJIS: DAV-088
122 Commerce Street
Montgomery, Alabama 36104
TEL: (334) 269-1803
FAX: (334) 269-1806
E-mail: ldavis@eji.org

*Counsel for Daniel Lee Siebert*

9

## CERTIFICATE OF SERVICE

I hereby certify that on the fourth day of October 11, 2007, a copy of the foregoing was served by first-class mail on:

Mr. Henry Johnson, Esq.
Assistant Attorney General
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130-0152

Mr. J. Clayton Crenshaw, Esq.
Assistant Attorney General
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130-0152

*Anne E. Borelli*
Anne E. Borelli

10

# EXHIBIT A

```
┌─────────────────────────────────────────────────────────┐
│  SUPREME COURT OF THE UNITED STATES                      │
│  GRANTED & NOTED LIST - OCTOBER TERM 2007                │
└─────────────────────────────────────────────────────────┘
```

### As of September 25, 2007

_06-43_       CFX   STONERIDGE INVESTMENT V. SCIENTIFIC-ATLANTA, INC.
                    Court:  USCA-8                    Grant: 3/26/07 (CJ & SGB
— no part)
                    Argument Date:  10/9/07

_06-179_      CFX   RIEGEL V. MEDTRONIC, INC.
                    Court:  USCA-2                    Grant: 6/25/07

_06-457_      CFX   ROWE, ATT'Y GEN. OF ME V. NH MOTOR TRANSPORT ASSN.
                    Court:  USCA-1                    Grant: 6/25/07

_06-571_      CFY   WATSON V. UNITED STATES
                    Court:  USCA-5                    Grant: 2/26/07
                    Argument Date:  10/9/07

_06-637_      CFX   BD. OF EDUCATION OF CITY OF NEW YORK V. TOM F.
                    Court:  USCA-2                    Grant: 2/26/07
                    Argument Date:  10/1/07

_06-666_      CSX   DEPT. OF REVENUE OF KY V. DAVIS
                    Court:  CA-KY                     Grant: 5/21/07
                    Argument Date:  11/5/07

_06-694_      CFY   UNITED STATES V. WILLIAMS
                    Court:  USCA-11                   Grant: 3/26/07
                    Argument Date:  10/30/07

_06-713)_     CFX   WASHINGTON STATE GRANGE V. WA REPUBLICAN PARTY
_06-730)_     CFX   WASHINGTON V. WA REPUBLICAN PARTY
                    Court:  USCA-9                    Grant: 2/26/07
                    Argument Date:  10/1/07

_06-766_      CFX   NY BD. OF ELECTIONS V. TORRES
                    Court:  USCA-2                    Grant: 2/20/07
                    Argument Date:  10/3/07

_06-856_      CFX   LARUE V. DEWOLFF, BOBERG & ASSOC., INC.
                    Court:  USCA-4                    Grant: 6/18/07

_06-937_      CFX   QUANTA COMPUTER, INC. V. LG ELECTRONICS, INC.
                    Court:  USCA-Fed.                 Grant: 9/25/07

_06-984_      CSH   MEDELLIN V. TEXAS

Court: Crim. App., TX
Argument Date: 10/10/07     Grant: 4/30/07

06-989    CFX   HALL STREET ASSOC. V. MATTEL, INC.
Court: USCA-9        Grant: 5/29/07
Argument Date: 11/7/07

06-1005    CFH   UNITED STATES V. SANTOS
Court: USCA-7        Grant: 4/23/07
Argument Date: 10/3/07

06-1037    CFX   KENTUCKY RETIREMENT SYS. V. EEOC
Court: USCA-6        Grant: 9/25/07

06-1082    CSY   VIRGINIA V. MOORE
Court: SC-VA        Grant: 9/25/07

06-1164    CFX   JOHN R. SAND & GRAVEL CO. V. UNITED STATES
Court: USCA-Fed.        Grant: 5/29/07
Argument Date: 11/6/07

06-1181    CFX   DADA V. KEISLER, ACTING ATT'Y GEN.
Court: USCA-5        Grant: 9/25/07

06-1195)    CFH   BOUMEDIENE V. BUSH, PRESIDENT OF UNITED STATES
06-1196)    CFH   AL ODAH V. UNITED STATES
Court: USCA-DC        Grant: 6/29/07

06-1221    CFX   SPRINT/UNITED MANAGEMENT CO. V. MENDELSOHN
Court: USCA-10        Grant: 6/11/07

06-1265    CFX   KLEIN & CO. FUTURES, INC. V. BD. OF TRADE OF THE CITY OF NY
Court: USCA-2        Grant: 5/21/07
Argument Date: 10/29/07

06-1286    CFX   KNIGHT V. CIR
Court: USCA-2        Grant: 6/25/07

06-1287    CFX   CSX TRANSPORTATION, INC. V. GA BD. OF EQUALIZATION
Court: USCA-11        Grant: 5/29/07
Argument Date: 11/5/07

06-1321    CFX   GOMEZ-PEREZ V. POTTER, POSTMASTER GEN.
Court: USCA-1        Grant: 9/25/07

06-1322    CFX   FEDERAL EXPRESS CORP. V. HOLOWECKI
Court: USCA-2        Grant: 6/4/07
Argument Date: 11/6/07

06-1346    CFH   ALI V. ACHIM
Court: USCA-7        Grant: 9/25/07

_06-1413_    CSX    MEADWESTVACO CORP. V. IL DEPT. OF REVENUE
Court: App. Crt., IL-1st Dist.        Grant: 9/25/07

_06-1431_    CFX    CBOCS WEST, INC. V. HUMPHRIES
Court: USCA-7                          Grant: 9/25/07

_06-1457)_   CFX    MORGAN STANLEY CAPITAL GROUP V. PUBLIC UTILITY DIST. 1
_06-1462)_   CFX    CALPINE ENERGY SVCS. V. PUBLIC UTILITY DIST. 1
Court: USCA-9                          Grant: 9/25/07

_06-1463_    CSX    PRESTON V. FERRER
Court: CA-CA, 2nd App. Dist.           Grant: 9/25/07

_06-1498_    CFX    WARNER-LAMBERT CO. V. KENT
Court: USCA-2                          Grant: 9/25/07

_06-1509_    CFY    BOULWARE V. UNITED STATES
Court: USCA-9                          Grant: 9/25/07

_06-1646_    CFY    UNITED STATES V. RODRIQUEZ
Court: USCA-9                          Grant: 9/25/07

_06-6330_    CFY    KIMBROUGH V. UNITED STATES
Court: USCA-4                          Grant: 6/11/07
Argument Date: 10/2/07

_06-6911_    CFY    LOGAN V. UNITED STATES
Court: USCA-7                          Grant: 2/20/07
Argument Date: 10/30/07

_06-7949_    CFY    GALL V. UNITED STATES
Court: USCA-8                          Grant: 6/11/07
Argument Date: 10/2/07

_06-8273_    CSH    DANFORTH V. MINNESOTA
Court: SC-MN                           Grant: 5/21/07
Argument Date: 10/31/07

_06-9130_    CFX    ALI V. FED. BUREAU OF PRISONS
Court: USCA-11                         Grant: 5/29/07
Argument Date: 10/29/07

_06-10119_   CSY    SNYDER V. LOUISIANA
Court: SC-LA                           Grant: 6/25/07

_06-11543_   CFY    BEGAY V. UNITED STATES
Court: USCA-10                         Grant: 9/25/07

_06-11612_   CFY    GONZALEZ V. UNITED STATES
Court: USCA-5                          Grant: 9/25/07

07-21)     CFX   CRAWFORD V. MARION CTY. ELECTION BD.
07-25)     CFX   IN DEMOCRATIC PARTY V. ROKITA, IN SEC. OF STATE
           Court: USCA-7                          Grant: 9/25/07

07-5439    CSX   BAZE V. REES, COMM'R, KY DOC
                 Court: SC-KY                     Grant: 9/25/07

## NOTE:

No. of Cases made available for Argument (Hours):  **47 (43)**

No. of Cases Argued (Hours):

Total Disposed of:

\* Unanimous Court
\*\* Unanimous Court in Part
# Unanimous in Judgment

Breakdown  (no. in parentheses = no. of cases)

Signed Opinion/Judgment -      Per Curiam -        Dismissed -              Other -

CASE CODE KEY

❑   First Letter = Jurisdictional Grounds  (ex. 99-804 CFY)

C - Certiorari
A - Appeal
Q - Certified Question

❑   Second Letter = Court Below  (ex. 99-804 CFY)

S - State
F - U.S. Court of Appeals
T - Three-Judge District Court
M - U.S. Court of Appeals for the Armed Forces
O - Other Court

❑   Third Letter = Nature of Case  (ex. 99-804 CFY)

X - Civil
Y - Criminal
H - Habeas Corpus or other collateral attack

**07-5439 BAZE V. REES**

DECISION BELOW:217 SW3d 207

LOWER COURT CASE NUMBER: 2005-SC-0543

QUESTIONS PRESENTED:

Although the Court has authorized civil actions challenging portions of a method of execution, it has not addressed the constitutionality of a method of execution or the legal standard for determining whether a method of execution violates the Eighth Amendment in over 100 years-- leaving lower courts with no guidance on the law to apply to the many lethal injection challenges filed since the Court's rulings allowing the claim in a civil action. Lower courts have been left to look to cursory language in the Court's opinions dealing with the the death penalty on its face and prison conditions. As a result, the law applied by lower courts is a haphazard flux ranging from requiring "wanton infliction of pain," "excessive pain," "unnecessary pain," "substantial risk", "unnecessary risk," "substantial risk of wanton and unnecessary pain," and numerous other ways of describing when a method of execution is cruel and unusual.

Considering that at least half the death row inmates facing an imminent execution in the last two years have filed suit challenging the chemicals used in lethal injections, certiorari petitions and stay motions on the issue are arriving before the Court so often that this issue is one of the most common issues. Thus, it is important for the Court to determine the appropriate legal standard, particularly because the difference between the standards being used is the difference between prevailing and not.

This case presents the Court with the clearest opportunity to provide guidance to the lower courts on the applicable legal standard for method of execution cases. This case arrives at the Court without the constraints of an impending execution and with a fully developed record stemming from a 20-witness trial. The record contains undisputed evidence that any and all of the current lethal injection chemicals could be replaced with other chemicals that would pose less risk of pain while causing death than the tri-chemical cocktail currently used. Although this automatically makes the risk of pain associated with the use of sodium thiopental, pancuronium bromide, and potassium chloride unnecessary, relief was denied on the basis that a "substantial risk of wanton and unnecessary pain" had not been established. This squarely places the issue of whether "unnecessary risk" is part of the cruel and unusual punishment equation and whether an "unnecessary risk" exists upon a showing that readily available alternatives are known.

The Kentucky Supreme Court's decision gives rise to the following important questions:

I. Does the Eighth Amendment to the United States Constitution prohibit means for carrying out a method of execution that create an unnecessary risk of pain and suffering as opposed to only a substantial risk of the wanton infliction of pain?

II. Do the means for carrying out an execution cause an unnecessary risk of pain and suffering in violation of the Eighth Amendment upon a showing that readily available alternatives that pose less risk of pain and suffering could be used?
III. Does the continued use of sodium thiopental, pancuronium bromide, and potassium chloride, individually or together, violate the cruel and unusual punishment clause of the Eighth Amendment because lethal injections can be carried out by using other chemicals that pose less risk of pain and suffering?
IV. When it is known that the effects of the chemicals could be reversed if the proper actions are taken, does substantive due process require a state to be prepared to maintain life in case a stay of execution is granted after the lethal injection chemicals are injected?

CERT. GRANTED 9/25/2007

EXPEDITED BRIEFING SCHEDULE

# EXHIBIT B

» Cars » Event tickets » Jobs » Real estate » Shop » Online degrees

Search          How do I find it?                    Subscribe to paper

Become a member of the USA TODAY
                                                     community now!
USA TODAY   Home  News  Travel  Money  Sports  Life  Tech  Weather    Log in | Become a member What's this?

News » Nation   Troops at Risk   States   Lotteries

# Supreme Court halts Texas execution

Updated 11d ago | Comments    244 | Recommend    7                E-mail | Save | Print | ⬛RSS⬛

E-mail features

E-mail newsletters
Sign up to receive our free Daily Briefing e-
newsletter and get the top news of the day in
your inbox.

E-mail                          (GO)

Select one:  ● HTML   ○ Text

Breaking news E-mail alerts
Get breaking news in your inbox as it happens



⊕ Enlarge                    By Tim Dillon, USA TODAY

Supreme Court Justices. (back row from left) Stephen Breyer,
Clarence Thomas, Ruth Bader Ginsburg, Samuel Alito, (front
row from left) Anthony Kennedy, John Paul Stevens, Chief
Justice John Roberts, Antonin Scalia and David Souter

HUNTSVILLE, Texas (AP) — A man condemned for killing his parents avoided the nation's busiest death chamber Thursday night when he won a reprieve from the U.S. Supreme Court, which had already agreed to review another state's lethal injection procedures.

Attorneys for Carlton Turner Jr., 28, had appealed to the high court hoping that its planned review of lethal injection procedures in Kentucky, the same process used in Texas, could keep him alive.

His case is being watched as an indicator of whether executions in Texas could be halted until the court rules on the Kentucky case next year.

In a brief order, the court said it had granted his stay of execution but made no mention of its reasons for stopping the punishment. The order came less than two hours before the death warrant would have expired at midnight CT.

"All I can say is all glory to God," Turner told prison officials as he was being returned to death row, in another prison about 45 miles east of Huntsville.

FIND MORE STORIES IN: Supreme Court | Kentucky | Gov | Attorneys | Huntsville | Bob Riley | Carlton Turner | Alabama Supreme Court | Tommy Arthur

The order followed a decision earlier in the day by Alabama Gov. Bob Riley to stay the execution of a contract killer hours before it was to have been carried out, so the inmate could be put to death using a new lethal injection formula the governor had ordered just a day before.

Turner would have been the 27th Texas inmate to be executed this year and the second this week.

After state courts earlier Thursday refused to halt the punishment, Turner's lawyers went to the Supreme Court, which on Tuesday agreed to review an appeal from two condemned inmates in Kentucky who argued that the three-drug process used in lethal injection is unconstitutionally cruel. The same procedure is used in Texas.

"The inmate will be forced into a chemical straitjacket, unable to express the fact of his suffocation," the appeal in Turner's case asserted.

Turner's lawyers went early Thursday to his trial court judge with a request to withdraw the execution order. When that failed, they went to the Texas Court of Criminal Appeals, which voted 5-4 to refuse to stop the punishment. The case then went to the Supreme Court.

Turner was 19 when authorities said he shot Carlton Turner Sr., 43, and Tonya Turner, 40, several times in the head. He then bought new clothes and jewelry and continued living in the family's Irving home.

From death row last week, Turner told The Associated Press he didn't find the prospect of death frightening but was concerned about possible pain from the lethal injection.

"The only thing I worry about is when the process is starting, the suffocation and pain if the anesthesia doesn't work," he said.

In Alabama, Riley said he issued the 45-day stay of Tommy Arthur's execution only to allow time for the new lethal-injection procedures to be put in place. The changes are designed to make sure the inmate is unconscious when given drugs to stop the heart and lungs.

Riley said evidence is "overwhelming" that Arthur is guilty "and he will be executed for his crime." The governor encouraged the attorney general's office to ask the Alabama Supreme Court to set another execution date "as soon as possible."

Assistant Attorney General Clay Crenshaw said the request would be filed with the court Friday.

Before Riley issued his stay, state officials had said they intended to execute Arthur at 6 p.m. Thursday, even though the changes Riley ordered could not be implemented by then.

They said the procedures already in place were constitutional, though Arthur's attorney, Suhana Han, contended that Riley's order to change the protocol amounted to the state conceding that its execution procedure was deficient. Han did not immediately return a phone message seeking comment Thursday.

Arthur, 65, was sentenced to death for the Feb. 1, 1982, killing of Troy Wicker, 35, of Muscle Shoals. The victim's wife, Judy Wicker, testified she had sex with Arthur and paid him $10,000 to kill her husband, who was shot in the face as he lay in bed.

Arthur was visiting with his daughter when he learned of the stay in a call from his attorney, prison system spokesman Brian Corbett said.

Like Turner, Arthur had asked the U.S. Supreme Court for a stay pending its ruling on the Kentucky case. The Alabama Supreme Court had declined to grant a stay Wednesday.

The wife of Arthur's victim was given a life sentence for her part in the murder and paroled after 10 years behind bars.

In a statement, Peter Neufeld, co-director of the Innocence Project, urged Riley to use the next 45 days to allow DNA testing on evidence from Arthur's trial.

"Gov. Riley said last week that DNA testing was only a tactic to delay this execution. It's not. Now that the execution is delayed for other reasons, DNA testing should be started immediately," Neufeld said.

Another lethal-injection lawsuit, filed by a convicted ax murderer on Delaware's death row, had been scheduled for trial Oct. 9. A federal judge postponed the trial Wednesday, citing the pending Supreme Court case.

Copyright 2007 The Associated Press. All rights reserved. This material may not be published, broadcast, rewritten or redistributed.

Posted 11d ago

Updated 11d ago                                                                 E-mail | Save | Print | RSS

To report corrections and clarifications, contact Reader Editor Brent Jones. For publication consideration in the newspaper, send comments to letters@usatoday.com. Include name, phone number, city and state for verification.

Conversation guidelines: USA TODAY welcomes your thoughts, stories and information related to this article. Please stay on topic and be respectful of others. Keep the conversation appropriate for interested readers across the map.

You must be logged in to leave a comment. Log in | Register



Submit

Comments: (244)                                                  Showing:  Newest first



**Schirl wrote:** 9d ago
When they were learning, Jesus told his followers to walk the land without a sword. But, before he went to Gethsemane, he told them to acquire swords

Luke 22:35-36
Then Jesus asked them, "When I sent you without purse, bag or sandals, did you lack anything?"
"Nothing," they answered.
He said to them, "But now if you have a purse, take it, and also a bag; and if you don't have a sword, sell your cloak and buy one."

The idea that Christians must be TOTAL pacifists isn't supported by history, nor is it supported by the New or Old Testament. That same Old Testament that some say prohibits killing proscribes the death penalty for many crimes. Why? Because the Old Testament doesn't prohibit killing, it prohibits unlawful killing.

"Kill" in English is an all-encompassing verb that covers the taking of life in all forms and all classes of victims. This concept is expressed in Hebrew by the verb "harag." The verb that appears in the 10 Commandments is "ratsah", not "harag". "Ratsah" refers only murder (criminal acts of killing). The word never had the same meaning as the word "kill" does in English; the meaning was always "murder".

Do not suppose that I have come to bring peace to the earth, but a sword.

Capital Punishment fairly conducted by the state isn't totally against the Christian faith. In fact, it could be (and has been) argued that it's required.

                                                                          Recommend    1 | Report Abuse



**Mad Swede wrote:** 9d ago
How about this. Execute murderers in the exact same way they executed their victims. What could be fairer? I wonder how many murder victims were given a choice of how they would die? My bet would be NONE ! And what was done to them BEFORE they were murdered?

                                                                          Recommend    | Report Abuse



**flagwaverfuzzy wrote:** 10d ago
Political correct-ism is complacency and apathy, disguised as empathy towards others.

Liberal PC-ism has become the #1 covert back door method of suppressing freedom of speech.

Allow it - and lose your freedoms.

                                                                          Recommend    1 | Report Abuse



**PD102 wrote:** 10d ago
I don't understand the major problem. I've been anesthetized without pain, and then had my skin cut open and bones carved on (Achilles Tendon and Cervical Vertibra operations) without waking up until the doctors wanted me awake. Why is it such a problem to terminate a life in a peaceful painless way?

The alternative is the Guillotine, named after the doctor who invented it as an almost painless method of execution!
=============================================
He didn't invent it to prevent pain for the person being executed but because they couldn't find enough executioners to meet demand and those they had were so over worked they couldn't physically keep up with the demand.

                                                                          Recommend    | Report Abuse

# EXHIBIT C

**The New York Times**
nytimes.com

October 3, 2007

# Texas Ruling Signals Halt to Executions Indefinitely

By RALPH BLUMENTHAL

HOUSTON, Oct. 2 — Signaling an indefinite halt to executions in Texas, the state's highest criminal appeals court late Tuesday stayed the lethal injection of a 28-year-old Honduran man who was scheduled to be put to death Wednesday.

The reprieve by the Texas Court of Criminal Appeals was granted a week after the United States Supreme Court agreed to consider whether a form of lethal injection constituted cruel and unusual punishment barred under the Eighth Amendment. On Thursday, the Supreme Court stepped in to halt a planned execution in Texas at the last minute, and though many legal experts interpreted that as a signal for all states to wait for a final ruling on lethal injection before any further executions, Texas officials said they planned to move ahead with more.

As a result, Tuesday's ruling by the Texas court was seen as a sign that judges in the nation's leading death penalty state were taking guidance from the Supreme Court and putting off imminent executions.

The Texas court order gave state authorities up to 30 days to explain in legal papers why the execution of the inmate, Heliberto Chi, should proceed. With responses then certain from defense lawyers, the effect of the order was to put off the execution for months, lawyers said.

Mr. Chi was convicted of killing the manager of a men's store in Arlington in 2001.

Other executions, including four more scheduled in the next five months, were also likely to be stayed, said David R. Dow of the Texas Defender Service, a nonprofit law clinic that worked on Mr. Chi's appeal.

"Until the Court of Criminal Appeals addresses the questions raised in this case there will be no more executions in Texas," predicted Mr. Dow, a law professor at the University of Houston.

Acting less than a week after it rejected another inmate's appeal 5 to 4, the appeals court justices provided no breakdown of the vote and did not give any reasoning for their decision. But they directed the state's director of criminal justice, Nathaniel Quarterman, not to execute Mr. Chi and gave Mr. Quarterman and Tim Curry, the district attorney of Tarrant County, where the crime had been committed, up to 30 days to respond to claims by Mr. Chi's lawyers that the formulation and administration of chemicals used for lethal injections did not quickly and painlessly kill but paralyzed the condemned inmates while they painfully

suffocated.

Earlier Tuesday, the Texas Board of Pardons and Paroles voted 4 to 3 against recommending a stay for Mr. Chi. A request for a 30-day reprieve was also pending with Gov. Rick Perry.

Had the appeals court not halted the execution, Mr. Chi's lawyers would have taken the case to the United States Supreme Court, which last Thursday stayed the execution for another Texas inmate, Carlton Turner Jr.

Bryan Stevenson, director of the Equal Justice Initiative in Montgomery, Ala., and a law professor at New York University, said the Supreme Court's ruling was a sign that while it was reviewing the legality of lethal injection in a Kentucky case, "it was at least unseemly for states to be carrying out executions."

Deborah Denno, a professor at Fordham Law School, called the latest stay in Texas significant. "I do think Texas is reaching a turning point," Ms. Denno said. "It's not unusual throughout the country, but it is unusual in Texas. And not uncommonly when people are talking about the death penalty, there's Texas and everywhere else, because Texas seems to be in its own death penalty world."

But Diane Clements, president of Justice For All, a victims' advocacy group in Texas, said the Supreme Court and the Texas appeals court gave no reasons for their rulings, "so we're left here with no direction."

The delays spelled more suffering for victims' families, Ms. Clements said. "I'm sure family of that stayed-execution victim is on a roller coaster ride," she said. "If there's anything certain about the death penalty for families, it's that it is very uncertain."

Copyright 2007 The New York Times Company

# EXHIBIT D

# Oklahoma
### Office of the Attorney General
W.A. Drew Edmondson

## News Release

## 10/03/2007

*W.A. Drew Edmondson, Attorney General*

### AG Asks Court to Delay Issuing Execution Da

Citing judicial prudence, Attorney General Drew Edmondson today asked the Oklahoma Court of Criminal Appeals (OCCA) to delay scheduling executions in Oklahoma until the U.S. Supreme Court defines what constitutes cruel and unusual punishment in execution procedures.

The Supreme Court (USSC) has agreed to hear the appeal of a Kentucky death row inmate who claims that state's execution process violates the Eighth Amendment ban on cruel and unusual punishment. The case, Baze v. Rees, is expected to establish a national standard for executions.

"The Eighth Amendment prohibits cruel and unusual punishment," Edmondson said. "The issue before the Supreme Court is what standard defines cruel and unusual. In Oklahoma, our standard prohibits the wanton infliction of pain. In the Kentucky case, the defendant is asking the court to set the standard at unnecessary risk of pain."

Edmondson filed his OCCA motion because the USSC earlier this week refused to hear the final appeal of Oklahoma death row inmate Terry Lyn Short. Short was sentenced to death for the January 1995 murder of 22-year-old Ken Yamamoto in Oklahoma City. Typically, when the USSC denies an inmate's final appeal, the attorney general asks the OCCA to schedule the execution for 60 days from the date of the denial.

"The constitutionality of our lethal injection

protocol has withstood prior challenges in federal and state courts, but the Baze case poses a unique question," Edmondson said. "We have reviewed the issues in the Baze case and relevant Oklahoma law and believe our procedure will be upheld. However, we think it prudent and in the state's best interests to ask our court to delay the setting of an execution date until the Supreme Court issues its ruling."

In the last two weeks, Edmondson said, two Texas executions have been stayed because of the Kentucky case. The attorney general said it is likely any execution scheduled in Oklahoma would be stayed as well.

execution - short occa.pdf

| 313 NE 21st Street,
Oklahoma City, OK
73105 | 405.521.3921 |
918.581.2885 |

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF OKLAHOMA

FILED
IN COURT OF CRIMINAL APPEALS
STATE OF OKLAHOMA

OCT - 3 2007

MICHAEL S. RICHIE
CLERK

TERRY LYN SHORT,                    )
                                    )
                Appellant,          )
                                    )
vs.                                 )       Case No. D-97-540
                                    )
THE STATE OF OKLAHOMA,              )
                                    )
                Appellee.           )

## NOTICE OF EXHAUSTION OF STATE AND FEDERAL APPEALS

COMES NOW W.A. Drew Edmondson, Attorney General of the State of Oklahoma, and hereby provides notice to this Court that Defendant Terry Lyn Short has exhausted all his regular appeals in State and Federal Court:

1.      Defendant, Terry Lyn Short, was charged and convicted by a jury of his peers of the crimes of one (1) count of Murder in the First Degree (While in the Commission of Arson in the First Degree) (Count I) in violation of 21 O.S.1991, § 701.7(B); five (5) counts of Attempting to Kill after Former Convictions of Two or More Felonies (Counts II through VI) in violation of 21 O.S.1991, § 652; and one (1) count of Possession of Explosives by a Convicted Felon after Former Convictions of Two or More Felonies (Count VII) in violation of 21 O.S.1991, § 1368, in Case No. CF-95-216, in the Oklahoma County District Court. Count VII was dismissed on motion of the State. The jury returned a verdict of guilty as to all remaining counts.

2.    During the second stage of trial, the jury found the existence of three aggravating circumstances: (1) that the defendant knowingly created a great risk of death to more than one person; (2) that the murder was especially heinous, atrocious, or cruel; and (3) that there was an existence of a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society.

3.    The jury then set punishment at death in Count I, imprisonment of one-hundred (100) years for each of Counts II through IV, and imprisonment of two-hundred (200) years for each of Counts V and VI. The trial court sentenced Defendant in accordance with the jury's verdicts and ordered Counts II through VI to be served consecutively with each other and with Count I.

4.    Defendant's convictions and sentences were affirmed and his request for an evidentiary hearing was denied by this Court in Case No. F-1997-540, on April 14, 1999. *Short v. State*, 1999 OK CR 15, 980 P.2d 1081. This Court denied a petition for rehearing on May 21, 1999.

5.    The United States Supreme Court denied a petition for writ of certiorari to the OCCA on January 10, 2000. *Short v. Oklahoma*, 528 U.S. 1085 (2000).

6.    This Court denied Defendant's applications for an evidentiary hearing, for discovery, and for post-conviction relief in Case No. PCD-1998-1274 on May

2

21, 1999, in an unpublished opinion, Defendant did not seek certiorari review of the denial of these applications by the Supreme Court of the United States.

7.    Defendant filed a Petition for Writ of Habeas Corpus in the District Court for the Western District of Oklahoma on October 31, 2000, which was denied on August 17, 2004.

8.    The denial of habeas relief was affirmed by the Tenth Circuit Court of Appeals on December 26, 2006. *Short v. Sirmons*, 472 F.3d 1177 (10th Cir. 2006).

9.    Finally, Defendant sought certiorari review in the United States Supreme Court and was denied such on October 1, 2007. *Short v. Sirmons*, ___ U.S. ___, ___ S.Ct. ___, ___ L.Ed.2d ___ (U.S., October 1, 2007). At this time, all appeals in state and federal courts have been exhausted.

10.    The manner in which the State carries out the sentence of death is wholly constitutional. Its lethal injection protocol is the most humane method of carrying out its responsibilities to execute the judgment of juries and courts that lawfully impose the ultimate sanction for the most heinous murderers. Both this Court and the federal courts have found that Oklahoma's lethal injection protocol is neither cruel nor unusual. *See, e.g., Malicoat v. State*, 2006 OK CR 25, ¶¶ 6, 11, 137 P.3d 1234; *Bland v. State*, 2007 OK CR 25, ¶ 10, 164 P.3d 1076; *Hamilton v. Jones*, 472 F.3d 814, 815 (10th Cir. 2007); *see also Bland v. Jones*, Western District of Oklahoma, Case No. CIV-07-695-F (Transcript of order denying

3

preliminary relief attacking lethal injection, June 25, 2007). Under the current protocol, there is no likelihood of conscious suffering during a lethal injection.

However, the State is aware that the United States Supreme Court has granted a writ of certiorari challenging Kentucky's lethal injection protocol in *Baze v. Rees*, U.S. Case No. 07-5439, ___ U.S. ___, 2007 WL 2075334 (Mem.) (September 25, 2007).

11. Out of an abundance of caution and notwithstanding the constitutionality of Oklahoma's lethal injection process, the State suggests that an execution date not be set pending resolution of *Baze* and that the appropriateness of setting an execution date be revisited when *Baze* has been decided by the United States Supreme Court.

Respectfully submitted,

**W.A. DREW EDMONDSON**
**ATTORNEY GENERAL OF OKLAHOMA**

**ROBERT L. WHITTAKER, OBA #9570**
**ASSISTANT ATTORNEY GENERAL**

313 NE 21st Street
Oklahoma City, OK 73105-4894
(405) 521-3921
(405) 522-4534 Fax

**ATTORNEYS FOR APPELLEE**

4

## CERTIFICATE OF MAILING

On this 3rd day of October, 2007, a true and correct copy of the foregoing was mailed to:

John Dexter Marble
Susan F. Kane
Smith Rhodes Stewart & Elder, P.L.L.C.
119 N. Robinson, Suite 820
Oklahoma City, Oklahoma   73102

ROBERT WHITTAKER

# EXHIBIT E

1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

### SAN JOSE DIVISION

11

| | |
|---|---|
| 12  Michael Angelo MORALES, | Case Number 5-6-cv-219-JF-RS |
|    Case Number 5-6-cv-926-JF-RS |
| 13          Plaintiff, | |
|    DEATH-PENALTY CASE |
| 14        v. | |
|    ORDER FOLLOWING GRANT OF |
| 15  James E. TILTON, Secretary of the California | CERTIORARI IN *BAZE V. REES* |
|    Department of Corrections and Rehabilitation, et |
| 16  al., | |
| 17          Defendants. | |
| 18  PACIFIC NEWS SERVICE, | Case Number 5-6-cv-1793-JF-RS |
| 19          Plaintiff, | DEATH-PENALTY CASE |
| 20        v. | ORDER FOLLOWING GRANT OF |
|    CERTIORARI IN *BAZE V. REES* |
| 21  James E. TILTON, Secretary of the California | |
|    Department of Corrections and Rehabilitation, et |
| 22  al., | |
| 23          Defendants. | |

24

25        Yesterday, the Supreme Court of the United States granted certiorari in *Baze v. Rees*, No.

26  07-5439, 2007 WL 2075334 (U.S. Sept. 25, 2007) (mem.).  The questions presented by the

27  petition for certiorari in *Baze* are:

28                I.      Does the Eighth Amendment to the United States
                          Constitution prohibit means for carrying out a method of

1    execution that create an unnecessary risk of pain and
2    suffering as opposed to only a substantial risk of the wanton
     infliction of pain?
     II.    Do the means for carrying out an execution cause an
3            unnecessary risk of pain and suffering in violation of the
             Eighth Amendment upon a showing that readily available
4            alternatives that pose less risk of pain and suffering could
             be used?
5    III.   Does the continued use of sodium thiopental, pancuronium
             bromide, and potassium chloride, individually or together,
6            violate the cruel and unusual punishment clause of the
             Eighth Amendment because lethal injections can be carried
7            out by using other chemicals that pose less risk of pain and
             suffering?
8    IV.    When it is known that the effects of the chemicals could be
             reversed if the proper actions are taken, does substantive
9            due process require a state to be prepared to maintain life in
             case a stay of execution is granted after the lethal injection
10           chemicals are injected?

11   Br. for Pet'r at ii–iii, *Baze* (filed July 11, 2007). While the issues presented in *Morales v. Tilton*

12   are not identical in all respects to those before the Supreme Court in *Baze*, it would appear that at

13   the very least the Supreme Court's decision in *Baze* is likely to affect this Court's legal analysis

14   and conclusions. The order granting certiorari indicates that the Supreme Court will not hear

15   argument in *Baze* until early in 2008.

16        The Court held a joint status conference in the above-captioned related actions on

17   September 14, 2007. At that conference, the Court set a fact-discovery cutoff date of November

18   16, 2007, scheduled proceedings at San Quentin State Prison on November 19, 2007, and set a

19   further evidentiary hearing in *Morales* for December 10 and 11, 2007. The Court is interested in

20   the parties' views as to what impact, if any, the Supreme Court's grant of certiorari in *Baze*

21   should have on this schedule. Accordingly, and good cause therefor appearing, the parties to

22   both actions shall file, on or before October 1, 2007, letter briefs not to exceed five (5) pages in

23   length addressing this question. Counsel should not assume from this request for briefing that the

24   Court is inclined to make further changes to the case schedule in *Morales* absent a compelling

25   reason for doing so.

26        In addition, counsel advised the Court at the September 14 conference that the Marin

27   Superior Court has scheduled argument in Plaintiff Morales's related state-law action for October

28                                          2

Case Nos. 5-6-cv-219-JF-RS, 5-6-cv-926-JF-RS, & 5-6-cv-1793-JF-RS
ORDER FOLLOWING GRANT OF CERTIORARI IN *BAZE V. REES*
(DPSAGOK)

1   24, 2007. By this order, the Court directs the parties to file a joint statement immediately

2   following that hearing indicating the status of the action. In addition, Defendants shall advise the

3   Court immediately if it appears that construction of the new execution chamber will not be

4   completed prior to November 19, 2007.

5          Defendants' motion to dismiss the first amended complaint in *Pacific News Service v.*

6   *Tilton* currently is set for argument on October 26, 2007. In light of the current status of

7   *Morales*, and for the reasons stated by the Court at the September 14 conference, the October 26

8   hearing will be vacated; all pending motions in *Pacific News Service* are terminated without

9   prejudice to being restored to the Court's calendar at a later date.

10         IT IS SO ORDERED.

11

12  DATED:   September 26, 2007

13                                                  JEREMY FOGEL
                                                    United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             3

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ROBERT W. JACKSON, III,       )
                              )
        Plaintiff,            )
                              )
    v.                        )      Civ. No. 06-300-SLR
                              )
CARL C. DANBERG,              )
THOMAS L. CARROLL, PAUL       )
HOWARD, OTHER UNKNOWN STATE   )
ACTORS RESPONSIBLE FOR AND    )
PARTICIPATING IN THE CARRYING )
OUT OF PLAINTIFF'S EXECUTION, )
all in their individual and   )
official capacities,          )
                              )
        Defendants.           )

## O R D E R

At Wilmington this 26th day of September, 2007, having conferred with counsel;

IT IS ORDERED that the trial scheduled to commence on October 9, 2007 is postponed based on the United States Supreme Court having granted the petition for a writ of certiorari in Blaze v. Rees, ___ S.Ct. ___, 2007 WL 2075334 (Sept. 25, 2007).

IT IS FURTHER ORDERED that the pretrial conference scheduled for October 1, 2007 is cancelled.

_____
United States District Judge

# EXHIBIT G



**Bradley Arant**

BRADLEY ARANT ROSE & WHITE, LLP

ONE FEDERAL PLACE
1819 FIFTH AVENUE NORTH
BIRMINGHAM, AL 35203-2119
205.521.8000   FAX 205.521.8800
WWW.BRADLEYARANT.COM

Kevin C. Newsom

Direct Dial: (205) 521-8803
Direct Fax: (205) 488-6803
knewsom@bradleyarant.com

September 28, 2007

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL**

Mr. Chris Vasil
Chief Deputy Clerk
United States Supreme Court
One First Street, N.E.
Washington, D.C. 20543

RE:   *Richard Allen, Commissioner, Alabama Department of Corrections v. Daniel Siebert*
Supreme Court Case No. 06-1680

Dear Mr. Vasil:

The State of Alabama has filed today (under separate cover) its reply brief in support of the petition for a writ of certiorari in *Allen v. Siebert*, No. 06-1680. I write this letter to apprise the Court of the unique procedural circumstances surrounding Mr. Siebert's case. The uniqueness of those circumstances may (or may not) be compounded by the Court's September 25, 2007, order granting certiorari in *Baze v. Rees*, No. 07-543.

By way of background, Mr. Siebert was charged with murdering four people in two separate, but related, incidents. He was tried and convicted in two different state courts (specifically, in Lee and Talladega Counties) and sentenced to death – separately – in both. After his state post-conviction challenges were rejected as time-barred, *see Siebert v. State*, 778 So. 2d 842 (Ala. Crim. App. 1999), *cert. denied, Ex parte Siebert*, 778 So. 2d 857 (Ala. 2000), Mr. Siebert filed two separate federal habeas corpus petitions. He challenged his Lee County convictions and death sentence in the U.S. District Court for the Middle District of Alabama and his Talladega County conviction and death sentence in the U.S. District Court for the Northern District of Alabama.

The present petition for certiorari arises out of Mr. Siebert's "Northern District" habeas litigation. As the Court knows from the certiorari papers, the district court dismissed Mr. Siebert's petition as untimely pursuant to *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), *see* App. 49a *et seq.*, but the Eleventh Circuit reversed, *see* App. 1a. The State seeks review of the Eleventh Circuit's decision. By my calculation, the State's petition for certiorari will be discussed at this Court's October 26, 2007, Conference.

Unlike Mr. Siebert's Northern District habeas litigation, which is ongoing, Mr. Siebert's "Middle District" habeas litigation has concluded. The Eleventh Circuit affirmed the denial of

Mr. Chris Vasil
September 28, 2007
Page 2

Mr. Siebert's Middle District habeas petition on July 13, 2006, *see Siebert v. Allen*, 455 F.3d 1269 (11th Cir. 2006), and this Court denied certiorari on March 19, 2007, *see Siebert v. Allen*, 127 S. Ct. 1823 (2007).

Mr. Siebert is currently scheduled to be executed on the Lee County (*i.e.*, Middle District) death sentence on October 25, 2007 – the day before this Court considers the State's petition for certiorari pertaining to the Northern District litigation. It should be noted, however, that Mr. Siebert has filed in the Middle District a complaint under 42 U.S.C. § 1983 challenging the State of Alabama's lethal-injection protocol. *See Siebert v. Allen*, No. 2:07-CV-295-MEF. That complaint was filed April 9, 2007, and, as of today, remains pending in the district court.

The Governor of Alabama granted a 45-day reprieve to Thomas D. Arthur, an inmate who was scheduled for execution yesterday, apparently in response to this Court's grant of certiorari in *Baze v. Rees*. The Governor explained that "[t]he sole purpose of this reprieve is to allow the Alabama Department of Corrections sufficient time to make modifications to its lethal injection protocol." This statement implies that he intends to postpone all executions until mid-November.

The State, of course, has no way of knowing whether, either in the light of *Baze v. Rees*, the Governor's reprieve, or otherwise, Mr. Siebert will seek or be granted a stay of his scheduled October 25 execution. But given the unique circumstances of the case – with the State's cert petition on the Northern District case set for conference the day after Mr. Siebert's scheduled execution for the Middle District crime – the State thought it prudent to apprise the Court of the procedural posture in some detail.

Sincerely,

*Kevin C. Newsom /cja*

Kevin C. Newsom
Counsel for the State of Alabama

KCN/cja