IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL LEE SIEBERT, | ) |
| PLAINTIFF, | ) |
| v. | ) CASE NO. 2:07-cv-295-MEF-WC |
| RICHARD ALLEN, et al, | ) |
| DEFENDANTS. | ) |

# **MEMORANDUM OPINION AND ORDER**

On April 9, 2007, Daniel Lee Siebert ("Siebert"), an Alabama death row inmate now scheduled for execution on October 25, 2007, filed this civil rights action in which he seeks declaratory and injunctive relief aimed at stopping the State of Alabama from executing him using its current lethal injection protocol. Siebert alleges that Alabama's method of execution violates his rights under the Eighth and Fourteenth Amendment of the United States Constitution and brings suit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.

On October 9, 2007, Siebert filed Plaintiff's Emergency Motion for Preliminary Injunction to Stay Execution (Doc. # 44). By this motion, he seeks a temporary stay of his execution. The nature of Siebert's motion requires the parties to make arguments, and the Court to make findings, about the likelihood of Siebert's ultimate success on the merits of

his claim that the Alabama lethal injection protocol is unconstitutional.[1]

For a variety of reasons, the State of Alabama lethal injection protocol keeps the specifics of its lethal injection protocol secret. Because the lethal injection protocol is secret, the Court finds that it is likely that Siebert does not know[2] the specific content of the lethal injection protocol he is challenging. Although this lawsuit has been pending since April of

---

[1] "Filing an action that can proceed under § 1983 does not entitle the complainant to an order staying an execution as a matter of course." *Hill v. McDonough*, 126 S. Ct. 2096, 2104 (2006). The United States Supreme Court has repeatedly made it plain that a stay of execution is an equitable remedy." *Hill*, 126 S. Ct. at 2104. *Accord Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004). Inmates seeking a temporary stay of execution due to their challenge to the manner in which the State plans to execute them "must satisfy all the requirements for a stay, including a showing of a significant possibility of success on the merits." *Hill*, 126 S. Ct. at 2104 (collecting cases). *Accord Arthur v. King*, No. 07-13933, 2007 WL 2744884, at * 4 (11th Cir. Sept. 21, 2007); *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (a death row inmate seeking a preliminary injunction to stay his execution based on a claim for declaratory relief in a pending action pursuant to § 1983 must show that there is a substantial likelihood of success on the merits; that the injunction sought is necessary to prevent irreparable injury; that the threatened injury outweighs the harm that the preliminary injunction would cause to the non-movant; and that the preliminary injunction would not be adverse to the public interest.) Additionally, a court considering an equitable stay of execution of a death sentence must consider whether the death row inmate has delayed unreasonably in bringing suit or seeking the stay. *See, e.g., Hill*, 126 S. Ct. at 2104 ("The federal courts can and should protect States from dilatory or speculative suits[.]"); *Arthur v. King*, 2007 WL 2744884, at * 6; *Jones v. Allen*, 485 F.3d 635 (11th Cir.), *cert. denied,* 127 S. Ct. 2160 (2007) (district court did not abuse its discretion in denying a motion to stay execution filed by inmate because inmate had delayed unreasonably in bringing challenge to the State's method of execution). This Court has already dismissed some, but not all, of Siebert's claims because of unreasonable delay in asserting those claims.

[2] Certainly, Siebert has available to him media reports on executions by lethal injection conducted in Alabama which describe certain aspects of the execution process and identify the three drug combination the State of Alabama is believed to use in lethal injections, but what he does not have is a specific confirmation from the State of Alabama regarding the chemicals used, including dosages, and the procedures employed for administering those chemicals.

2007, the Court is not certain that Siebert has made any attempts to obtain a copy of the lethal injection protocol from the Defendants through discovery in this case. Based on recent filings with this Court, it appears that the parties are still arguing about the nature of the protective order which should be entered before Siebert can obtain a copy of the lethal injection protocol.

Further complicating matters before the Court is the fact that the State of Alabama has announced its intention to alter its lethal injection protocol. At an October 10, 2007 status conference in this case, Defendant's counsel indicated that he hoped to have the revised lethal injection protocol available by October 16, 2007, the day before Defendant's brief in opposition to the pending motion for preliminary injunction and stay is due. The Court ordered counsel for Defendants to immediately provide the Court with a copy of the revised lethal injection protocol as soon as it was finalized. As of the date of this Memorandum Opinion and Order, the Court has not received a copy of the revised lethal injection protocol. The Court assumes that is because the changes have not been finalized. For this reason, the Court cannot say with any certainty whether the State of Alabama intends to carry out the execution of Siebert using the existing lethal injection protocol or a revised lethal injection protocol which as of now is not finalized.

Siebert's scheduled execution is in eight days. Today, the Defendants have submitted a brief in which they argue Siebert's motion for a stay should not be granted. This brief is supported by testimony from certain experts relating to the current lethal injection protocol.

Counsel for Defendants have represented to this Court and on the record that the revised changed to the lethal injection protocol has to do with the addition of a check of the condemned inmate for consciousness after injection of anesthesia and before the injections of other chemicals used in the execution. What is not clear at this juncture is which protocol the State of Alabama would use to execute Siebert on October 25, 2007, assuming the courts and the Governor allow the execution to proceed. Without that information, the Court cannot see how it can rule on the pending motion.

Accordingly it is hereby ORDERED as follows:

1. To the extent that the State of Alabama intends to execute Siebert on October 25, 2007, Defendants shall file, by no later than 11:00 a.m. on October 19, 2007, a copy of the lethal injection protocol that *will* be used to carry out that execution. This filing may be made under seal, but a copy of the document filed shall be delivered to counsel for Siebert by no later than 11:30 a.m. on October 19, 2007.

2. To the extent that the parties have any disputes about the terms of the protective order that will govern the copy of the lethal injection protocol to be produced on October 25, 2007, they are advised to resolve those disputes with the assistance of the Magistrate Judge so that there will be no delay in complying with this Court's Order.

3. The failure of the State of Alabama to have completed finalizing the pending revisions to its lethal injection protocol will not excuse Defendants from complying with this Order.

4. The Court has been advised that the Governor of the State of Alabama is still considering whether to grant Siebert a temporary reprieve.[3] The Court expects to be promptly informed with respect to any decision by the Governor of the State of Alabama on this issue.

DONE this the 17th day of October, 2007.

/s/ Mark E. Fuller<br>CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Governor of the State of Alabama recently granted another inmate a temporary reprieve because the State was in the process of revising its lethal injection protocol.