# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
   Clerk

October 25, 2007

RECEIVED
2007 OCT 30 A 9: 36
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

NOTICE TO ALL COUNSEL OR RECORD:

No. 07-14956 - Daniel Lee Siebert v. Richard Allen

Dear Counsel:

    Enclosed is an order entered by the court directing that this case be reheard en banc. Under Eleventh Circuit Rule 35, the effect of granting rehearing en banc is to vacate the previous opinion and judgment of this court and to stay the mandate.

    You will be notified by subsequent correspondence of the schedule for filing en banc briefs, the issue(s) which the court wishes the parties to focus on in their briefs, and the page limitations on them. We will communicate with you at a later time regarding report time and time limitations on oral argument should this case be designated for oral argument.

Sincerely,

THOMAS K. KAHN, Clerk

By _____
    Joyce T. Pope
    Deputy Clerk

Anne Borelli   334-834-0353
J. Clayton Crenshaw   334-353-3637
Clerk, U.S. District Court (MGA-Alabama)
Hon. Mark E. Fuller

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 07-14956
Non-Argument Calendar

```
           FILED
    U.S. COURT OF APPEALS
      ELEVENTH CIRCUIT
        October 24, 2007
       THOMAS K. KAHN
           CLERK
```

---

D. C. Docket No. 07-00295-CV-MEF-WC

DANIEL LEE SIEBERT,

Plaintiff-Appellant,

versus

RICHARD ALLEN, Commissioner,
Alabama Department of Corrections,
individually and in his official
capacity,
GRANTT CULLIVER, Warden, Holman
Correctional Facility, in his
individual and official capacity,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Middle District of Alabama

---

(October 24, 2007)

Before TJOFLAT, BARKETT, and WILSON, Circuit Judges.

PER CURIAM:

Daniel L. Siebert appeals the district court's denial of his Emergency Motion for Preliminary Injunction to Stay Execution and moves this Court for a stay of execution. We reverse and grant the motion to stay.

Siebert filed a § 1983 suit in the Middle District of Alabama challenging the constitutionality of Alabama's lethal injection protocol.[1] The district judge dismissed Siebert's general challenge to Alabama's lethal injection protocol, finding that it was untimely. However, in regard to Siebert's personal claims based on his recently diagnosed terminal illness, the district court denied the Motion to Dismiss.

Siebert's initial complaint and his Amended Complaint challenged the constitutionality of the lethal injection protocol that Alabama has had in place since 2002 – the same protocol used in every other state that administers the death penalty. Alabama has announced that the State has somewhat modified its procedure, and Siebert will be the first to be executed in accordance with these

---

[1] Siebert generally alleged that the State's improper use of anesthesia as a precursor to execution unnecessarily risks infliction of severe pain and suffering. After receiving a recent diagnosis that he was suffering from pancreatic cancer and hepatitis C, however, Siebert filed an Amended Complaint that encompassed the allegations of his first complaint, and added claims that painful complications were likely to arise from the treatment or non-treatment of his recently diagnosed illnesses.

2

minor changes. Apparently, the change "to the lethal injection protocol has to do with the addition of a check of the condemned inmate for consciousness after injection of anesthesia and before the injections of other chemicals used in the execution." Court Order, Oct. 17, 2007 at 4.[2]

The Supreme Court is presently considering the constitutionality of the challenged lethal injection protocol in Baze v. Rees, No. 07-5439, 2007 WL 2850507 (U.S. Oct. 3, 2007). Accordingly, we REVERSE the district court's denial of Siebert's Emergency Motion for a Preliminary Injunction and we STAY his execution pending the Supreme Court's resolution of Baze v. Rees, after which the district court shall reconsider its decision in light of any guidance provided in the Supreme Court's disposition of that case.

**REVERSED.**

---

[2] As the district court noted, for a variety of reasons unclear to this Court, the "State of Alabama keeps the specifics of its lethal injection protocol secret." Id. at 2. The district court judge ordered that the State disclose to the court the details of the lethal injection protocol to be followed in Siebert's execution. Id. at 4. In compliance with that order, the protocol has been filed with the court under seal.

3

TJOFLAT, Circuit Judge, specially concurring:

I concur in the court's judgment. Although I agree with the majority's result, it is not because of the pendency of <u>Baze v. Rees</u>, but because it was an abuse of discretion for the district court to refuse to enjoin the Commissioner from carrying out Siebert's execution pending the court's final disposition of his claim that Alabama's three-drug method of execution, as applied to him, would deny his right under the Eighth and Fourteenth Amendments not to be subjected to cruel and unusual punishment.

On October 3, 2007, the district court granted the Commissioner's motion to dismiss Siebert's § 1983 claim to the extent that it mounted a general challenge to the constitutionality of Alabama's lethal injection protocol, finding that Siebert had delayed unnecessarily in bringing that claim. However, the court denied the Commissioner's motion to dismiss Siebert's § 1983 claim that, as applied to him specifically, the three-drug execution method would constitute cruel and unusual punishment in violation of the Constitution. Because the factual predicate for that claim – namely, Siebert's diagnosis of hepatitis C and pancreatic cancer – was not in place until late May 2007, the court concluded that Siebert did <u>not</u> unreasonably delay in bringing his claim. Noting that dismissal was also not warranted on

4

statute-of-limitations grounds, the court held that this claim "survive[s] and will be litigated." A scheduling conference was accordingly set for October 10, 2007.

On October 9, Siebert moved the district court to enjoin his execution, which is set for October 25, 2007. The court acknowledged that the motion was timely, yet concluded on the basis of the "speculative" and "unsupported" allegations in Siebert's opening brief and initial evidentiary submissions – which primarily consisted of a letter from a doctor that was attached to Siebert's reply to the Commissioner's opposition brief – that Siebert had not satisfied the requisites for a preliminary injunction. Specifically, the court held that all that Siebert's proffered evidence established – for purposes of a preliminary injunction – was a general challenge to the three-drug protocol, not an as-applied challenge. Thus, he had not demonstrated a substantial likelihood that he would eventually prevail on the merits. Whether Siebert could ultimately prevail on his as-applied challenge would have to await further proceedings, perhaps a trial on the merits.[1]

---

[1] The discussion in the district court's order of the legal analysis applicable to a motion for a preliminary injunction indicates that the court did not consider the question of whether it should enjoin Siebert's execution under the All Writs Act, 28 U.S.C. § 1651(a), which provides that the courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions." The purpose of the Act is to allow courts "to protect the jurisdiction they already have, derived from some other source." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1099–1100 (11th Cir. 2004); id. at 1102 ("Regarding pending proceedings, a court may enjoin any conduct which, left unchecked, would have . . . the practical effect of diminishing the court's power to bring the litigation to a natural conclusion.") (internal quotation marks omitted).

This not a case to which applies the "strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." Nelson v. Campbell, 541 U.S. 637, 650, 124 S. Ct. 2117, 2126, 158 L. Ed. 2d 924 (2004). Although the State possesses a "strong interest in enforcing its criminal judgments without undue interference from the federal courts," Hill v. McDonough, ___ U.S. ___, 126 S. Ct. 2096, 2104, 165 L. Ed. 2d 44 (2006), it was an abuse of discretion for the district court to refuse to enjoin the execution based solely on its opinion that Siebert's briefs and his proffer of evidence, at the preliminary injunction stage, were deficient. The court effectively recognized that the claim alleges facts that, if true, establish a right to relief, as evidenced by its refusal to dismiss Siebert's as-applied § 1983 claim. Combined with the court's finding of timeliness, this recognition necessitated the grant of a postponement of the execution to enable the court to exercise its jurisdiction and to permit discovery, an evidentiary hearing, and a decision on the merits of Siebert's constitutional claim. In this respect, this case is analogous to a pre-1996 habeas corpus proceeding in which the district court or court of appeals has issued the petitioner a certificate of probable cause to appeal. In such circumstances, the "petitioner must then be afforded an opportunity to address the merits, and the court of appeals is obligated to decide

the merits of the appeal." Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3395, 77 L. Ed. 2d 1090 (1983)). Accordingly, "where necessary to prevent the case from becoming moot by the petitioner's execution," the courts "should grant a stay of execution pending disposition of an appeal when a condemned prisoner obtains a certificate of probable cause on his initial habeas appeal." Id.

Accordingly, I conclude that the balance of the equities here dictates that the State's interest in timely enforcement of a death sentence must yield to further consideration of the merits of Siebert's claim that the three-drug protocol, as applied, would violate his constitutional rights.

PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 25, 2007
THOMAS K. KAHN
CLERK

No. 07-14956

D. C. Docket No. 07-00295-CV-MEF-WC

DANIEL LEE SIEBERT,

Plaintiff-Appellant,

versus

RICHARD ALLEN, Commissioner,
Alabama Department of Corrections,
individually and in his official capacity,
GRANTT CULLIVER, Warden, Holman
Correctional Facility, in his
individual and official capacity,

Defendants-Appellees.

On Appeal from the United States District Court
for the Middle District of Alabama

(October 25, 2007)

ON PETITION FOR REHEARING EN BANC

Before TJOFLAT, ANDERSON, BIRCH, DUBINA, BLACK, BARKETT, HULL,

MARCUS, and WILSON, Circuit Judges.*

BY THE COURT:

A member of this court in active service having requested a poll on the Petition for Rehearing En Banc filed by the Defendant-Appellee on 25 October 2007, and a majority of the judges of this court in active service (available and not recused) having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the above cause shall be reheard by this court en banc. The opinion and stay entered by the panel on 24 October 2007 is hereby VACATED. <u>The en banc Court *sua sponte* hereby STAYS the execution of the Plaintiff-Appellant pending further *en banc* consideration of this case</u>.

---

*Chief Judge Edmondson has not participated in this order. Judges Ed Carnes and William H. Pryor Jr. have recused themselves and will not participate.

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

October 24, 2007

RECEIVED
2007 OCT 30 A 9: 35
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MEMORANDUM TO COUNSEL OR PARTIES

**Appeal Number: 07-14956-P**
Case Style: Daniel Lee Siebert v. Richard Allen
District Court Number: 07-00295 CV-MEF-WC ()

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to Rule 36 of the Federal Rules of Appellate Procedure. Fed.R.App.P. 39, 40 and 41, and the corresponding circuit rules govern costs and attorney's fees, petitions for rehearing, and mandate, respectively.

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed <u>by any party</u> in the appeal. <u>See</u> 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. <u>See</u> 11th Cir. R. 35-6(k) and 40-1.

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal <u>no later than</u> 60 days after either issuance of mandate *or* <u>filing</u> with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

For questions concerning the issuance of this court's decision, please call (404) 335-6161, (404) 335-6151 or the "Reply To" number shown below. For all other questions, please call Pope, Joyce (404) 335-6200.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Joyce Pope (404) 335-6200

Encl.

OPIN-1 (01-2006)

RECEIVED
2007 OCT 30 A 9: 35
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

October 24, 2007

**Appeal Number: 07-14956-P**
Case Style: Daniel Lee Siebert v. Richard Allen
District Court Number: 07-00295 CV-MEF-WC ()

CC: Anne Borelli

CC: Christine A. Freeman

CC: Debra P. Hackett

CC: Thomas Martele Goggans

CC: J. Clayton Crenshaw

CC: Administrative File