RECEIVED
2008 JAN 30 A 10: 27
DEBRA P. HAC... CLK
U.S. DISTRIC... RT
MIDDLE DIST... ALA

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

January 29, 2008

**Appeal Number: 07-14956-P**
Case Style: Daniel Lee Siebert v. Richard Allen
District Court Number:  07-00295 CV-MEF-WC

TO:   Debra P. Hackett

CC:   Anne Borelli

CC:   Christine A. Freeman

CC:   J. Clayton Crenshaw

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

January 29, 2008

RECEIVED
2008 JAN 30 A 10: 27
DEBRA P. HACKETT
U.S. DISTRICT C!
MIDDLE DISTRIC

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

**Appeal Number: 07-14956-P**
Case Style: Daniel Lee Siebert v. Richard Allen
District Court Number: 07-00295 CV-MEF-WC

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Joyce Pope (404) 335-6200

Encl.

MDT-1 (06/2006)

Daniel Lee SIEBERT, Plaintiff–Appellant,

v.

Richard ALLEN, Commissioner, Alabama Department of Corrections, individually and in his official capacity, Grantt Culliver, Warden, Holman Correctional Facility, in his individual and official capacity, Defendants–Appellees.

No. 07–14956.

United States Court of Appeals, Eleventh Circuit.

Nov. 5, 2007.

**Background:** Death-row inmate brought § 1983 suit alleging that Alabama's lethal injection protocol was cruel and unusual punishment as applied to him. The United States District Court for the Middle District of Alabama, No. 07-00295-CV-MEF-WC, Mark E. Fuller, Chief Judge, denied relief, and thereafter denied inmate's emergency motion for preliminary injunction to stay execution. Inmate appealed.

**Holding:** The Court of Appeals held that inmate had substantial likelihood of success on merits of his claim.

Affirmed in part, reversed in part, and remanded.

1. Injunction ⇐138.1

The four factors to be considered in determining whether preliminary injunctive relief is to be granted, which are whether movant has established: (1) substantial likelihood of success on merits; (2) that irreparable injury will be suffered if relief is not granted; (3) that threatened injury outweighs harm relief would inflict on non-movant; and (4) that entry of relief would serve public interest.

2. Federal Courts ⇐814.1

District court's denial of injunctive relief is reviewed only for abuse of discretion.

3. Civil Rights ⇐1457(5)

Death-row inmate seeking preliminary injunction to stay his execution had substantial likelihood of success on his § 1983 claim that Alabama's lethal injection protocol was cruel and unusual punishment as applied to him, due to his recent diagnosis of hepatitis C and inoperable pancreatic cancer; oncologist opined that inmate's life expectancy was less than 90 days and that there was "great likelihood" that inmate would regurgitate stomach content when administered the current three-drug protocol and aspirate prior to death. U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983.

Appeal from the United States District Court for the Middle District of Alabama.

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

We *sua sponte* vacate and reconsider our original opinion and substitute the following.

Daniel L. Siebert appeals the district court's denial of his Emergency Motion for Preliminary Injunction to Stay Execution and requests a postponement of execution. We conclude that the district court erred in refusing to enjoin the Commissioner from carrying out Siebert's execution pending the court's final disposition of his "as-applied" claim, i.e., that the three-drug protocol to be

Synopsis, Headnotes and Key Number Classification
COPYRIGHT © 2007 Thomson/West

The Synopsis, Headnotes and Key Number Classification constitute no part of the opinion of the court.

used by Alabama during his execution by lethal injection, as applied to him, would violate his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment. We therefore reverse the district court's order and remand the case for further consideration of Siebert's claim.

Siebert's federal habeas challenge to his conviction and death sentence for the murders of Sherri Weathers and her two sons was denied certiorari by the United States Supreme Court on March 19, 2007. On April 9, 2007, Siebert filed a 42 U.S.C. § 1983 suit in the Middle District of Alabama challenging the constitutionality of the State's three-drug protocol for his execution by lethal injection on the ground that it creates an unnecessary risk of severe pain and suffering. In late May 2007, Siebert was stricken with severe jaundice and diagnosed with hepatitis C. A biopsy was taken on July 12, 2007, and Siebert was diagnosed with pancreatic cancer as well. On July 19, 2007, Siebert immediately filed an Amended Complaint restating the allegations in his first complaint and adding the claim that, as applied to him specifically, the three-drug protocol would constitute cruel and unusual punishment in violation of the Constitution because of substantial complications likely to arise due to his serious illnesses. The Alabama Supreme Court thereafter entered an order setting October 25, 2007, as the date of Siebert's execution.

On October 3, 2007, the district court granted the Commissioner's motion to dismiss Siebert's § 1983 claim to the extent that it mounted a general challenge to the constitutionality of Alabama's three-drug protocol, finding that Siebert had delayed unnecessarily in bringing that claim. However, the court denied the Commissioner's motion to dismiss Siebert's "as-applied" § 1983 claim. Because the factual predicate for that claim—namely, Siebert's diagnosis of pancreatic cancer and hepatitis C—was not in place until late May 2007,[1] the court concluded that Siebert did *not* unreasonably delay in bringing his claim. Noting that dismissal was also not warranted on statute-of-limitations grounds, the court held that this "as-applied" claim "survive[s] and will be litigated." A scheduling conference was accordingly set for October 10, 2007, on that claim.

On October 9, 2007, Siebert moved the district court to enjoin his execution. The court acknowledged that the motion was timely but concluded that Siebert had not satisfied the requisites for a preliminary injunction. Specifically, the court held that Siebert had not demonstrated a substantial likelihood that he would eventually prevail on the merits of his "as-applied" challenge. Whether Siebert could ultimately prevail on his "as-applied" challenge would have to await further proceedings, perhaps a trial on the merits.

[1, 2] The district court correctly stated the four factors to be considered in determining whether preliminary injunctive relief is to be granted, which are whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the

---

1. While the district court states late May 2007, it appears the actual diagnosis of pancreatic cancer was even later than that.

SIEBERT v. ALLEN     360

relief would serve the public interest. *See, e.g., Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir.2005).[2]

[3] We conclude that the district court abused its discretion in denying preliminary injunctive relief as to Siebert's "as-applied" claim. The district court found that Siebert's "as-applied" claim was timely filed immediately upon diagnosis of Siebert's hepatitis C and terminal pancreatic cancer and thus as soon as he could have brought it.[3] Specifically, Siebert's "as-applied" claim derives from his recent diagnosis of hepatitis C and inoperable pancreatic cancer, including but not limited to obstruction of his upper gastrointestinal tract ("GI tract") due to a cancerous tumor. The district court noted that Siebert has a feeding tube, suffers from chronic nausea and tumor-related pain, and has been losing weight. Dr. Jimmie H. Harvey, Jr., a board-certified medical oncologist, reviewed Siebert's medical records and opined, among other things, that Siebert's life expectancy is less than 90 days and that there is a "great likelihood" that Siebert would regurgitate stomach content when administered the current three-drug protocol and aspirate prior to death. Moreover, Dr. Harvey stressed, in this regard, Siebert's malignancy and the physiology of his upper GI tract at this particular time. Because Siebert is "cachectic," which the district court found means "having physical wasting with loss of weight and muscle mass due to disease," Dr. Harvey also noted that Siebert will have "very compromised venous access" due to his particular serious medical conditions. Additionally, Dr. Harvey reported that due to "the inevitable death related to this malignancy, Mr. Siebert has elected to receive no palliative chemotherapy or radiation therapy."

Given the timeliness of the filing of Siebert's "as-applied" claim, Dr. Harvey's evaluation and the unique situation presented by Siebert's terminal pancreatic cancer, we conclude that the district court erred in determining that Siebert failed to show a substantial likelihood of success on the merits of his "as-applied" claim. Therefore, it was an abuse of discretion for the district court to deny Siebert's motion for a preliminary injunction as to the "as-applied" challenge to Alabama's three-drug protocol.

---

2. While the district court conducted *de novo* review of Siebert's claim, we review the district court's denial of injunctive relief only for an abuse of discretion. "This scope of review will lead to reversal only if the district court applies an incorrect legal standard, or applies improper procedures, or relies on clearly erroneous fact-finding, or if it reaches a conclusion that is clearly unreasonable or incorrect." *Schiavo*, 403 F.3d at 1226; *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir.2004); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir.2001). "Short of that, an abuse of discretion standard recognizes there is a range of choices within which we will not reverse the district court even if we might have reached a different decision." *Schiavo*, 403 F.3d at 1226; *see also McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir.2001); *In re Rasbury*, 24 F.3d 159, 168–69 (11th Cir.1994).

3. The reversal of the district court's denial of the preliminary injunction relates to only Siebert's "as-applied" claim, as to which the district court denied the motion to dismiss. We affirm the district court's denial of a preliminary injunction on Siebert's general challenge to Alabama's three-drug protocol, which the district court dismissed on the grounds that Siebert unreasonably and unnecessarily delayed in bringing said claim until his execution was imminent. *See Williams v. Allen*, 496 F.3d 1210, 1215 (11th Cir.2007), *cert. dismissed*, —— S.Ct. ——, 76 U.S.L.W. 3168 (U.S. Aug. 22, 2007) (No. 07–6034); *Grayson v. Allen*, 491 F.3d 1318, 1322 (11th Cir.2007) ("*Grayson II*"), *cert. denied*, —— S.Ct. ——, 76 U.S.L.W. 3049 (U.S. July 26, 2007) (No. 07–5457); *Jones v. Allen*, 485 F.3d 635, 639–40 (11th Cir.2007), *cert. denied*, —— U.S. ——, 127 S.Ct. 2160, 167 L.Ed.2d 887 (2007); *Rutherford v. McDonough*, 466 F.3d 970, 973–74 (11th Cir.2006), *cert. denied*, —— U.S. ——, 127 S.Ct. 465, 166 L.Ed.2d 331 (2006).

361                                    SIEBERT v. ALLEN

Accordingly, we AFFIRM the district court's denial of a preliminary injunction on Siebert's general challenge to Alabama's three-drug protocol. *See Williams*, 496 F.3d at 1212–13 (quoting *Grayson*, 491 F.3d at 1322). We REVERSE the district court's denial of Siebert's Emergency Motion for a Preliminary Injunction on Siebert's "as-applied" claim, and we REMAND the case for consideration of Siebert's "as-applied" claim on the merits. The stay previously entered by this Court shall remain in effect until the time that the district court has entered judgment on the merits.[4]

AFFIRMED, in part, REVERSED, in part, and REMANDED.

---

4. In light of this Court's *sua sponte* stay in its October 25, 2007 order, we deny as moot Siebert's Motion for Stay of Execution filed in this Court on October 23, 2007.
A True Copy - Attested:
Clerk, U.S. Court of Appeals,
Eleventh Circuit

*Joyce A. Pope*
Deputy Clerk
Atlanta, Georgia

U.S. Court of Appeals, Eleventh Circuit—Thomson/West, Saint Paul, Minn.

# United States Court of Appeals
For the Eleventh Circuit

RECEIVED

No. 07-14956

District Court Docket No.
07-00295-CV-MEF-WC

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov 5, 2007
THOMAS K. KAHN
CLERK

DANIEL LEE SIEBERT,

        Plaintiff-Appellant,

versus

RICHARD ALLEN, Commissioner,
Alabama Department of Corrections,
individually and in his official
capacity,
GRANTT CULLIVER, Warden, Holman
Correctional Facility, in his
individual and official capacity,

        Defendants-Appellees.

---

Appeal from the United States District Court
for the Middle District of Alabama

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: November 5, 2007
For the Court: Thomas K. Kahn, Clerk
By: Pope, Joyce

ISSUED AS MANDATE
JAN 2 9 2008
U.S. COURT OF APPEALS
ATLANTA, GA

A True Copy - Attested:
Clerk, U.S. Court of Appeals,
Eleventh Circuit

Joyce A. Pope
Deputy Clerk
Atlanta, Georgia