**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| DANIEL LEE SIEBERT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No.  2:07-cv-295-MEF-WC |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' OBJECTION AND MOTION TO STRIKE SIEBERT'S SECOND**
**AMENDED COMPLAINT**

Siebert has filed a motion requesting permission to file a second amended complaint.  See Doc. 102 (filed on February 22, 2008).  In his motion, Siebert seeks to raise a new claim based on the Alabama Department of Corrections "adopt[ing] a new lethal injection protocol on October 18, 2007."  Id.  Siebert further contends, despite waiting four months after the Department of Corrections augmented its existing protocol to file this amendment, that he "has not had a prior opportunity to plead with respect to the change in procedures."  Id.  The defendants hereby object and move to strike Siebert's request to file a second amended complaint.  In support, the defendants state the following:

I.    **PERTINENT BACKGROUND INFORMATION**

In April 2007, Siebert filed a lawsuit seeking to enjoin the defendants "from using Alabama's current lethal injection procedures to execute him." See Doc. 1. Under those procedures, the State uses a three-drug sequence to induce death: (1) a rapid-acting anesthetic (sodium pentothal); (2) a drug inducing muscle paralysis (pancuronium bromide); and (3) a drug administered to stop the heart (potassium chloride). Doc. 1 at ¶ 17. Siebert's complaint alleged that potassium chloride is capable of causing excruciating pain to an inadequately anesthetized person and that the paralysis induced by pancuronium bromide would prevent an insufficiently anesthetized person from alerting anyone to his distress through muscle movement. Doc. 1 at ¶ 20. Siebert's complaint alleged that the drugs utilized, the standards for their administration, and inadequate qualifications for personnel involved in the process, "create a grave and substantial risk that Siebert will be conscious throughout the execution process and, as a result, will experience an excruciatingly painful and protracted death." Id. at ¶ 28.

Siebert recently filed a second amended complaint seeking an injunction "to prevent the Defendants from using Alabama's current lethal injection procedures to execute him." Doc. 102-2 at ¶ 1 (filed on Feb. 22, 2008). Using the identical language employed in his initial complaint, Siebert alleges that the constitutional violation arises from the risk that the inmate will be conscious during his execution and thus experience excruciating pain from the potassium chloride. Compare Doc. 1 at ¶¶ 18-21; Doc. 102-2 at ¶¶ 26-29.

Recently, the Department of Corrections augmented the existing execution protocol with the following safeguard to further ensure that the inmate is unconscious: (1) examination of the inmate by an execution team member, following administration of the sodium pentothal but before administration of the pancuronium bromide, to assess the inmate's consciousness (by calling his name, gently stroking his eyelashes, and pinching his arm); and (2) administration of a second dosage of sodium pentothal if the preceding examination reveals consciousness. See Doc. 56. Siebert does not allege that the modifications to the protocol cause or exacerbate an Eighth Amendment violation.

3

Nor has he alleged any cause of action based on the consciousness assessment. Rather, he alleges only that the modifications are "substantial, though inadequate to meet constitutional standards." Doc. 102-2 at ¶ 21; cf. McNair v. Allen, __ F.3d __, 2008 WL 227945 at *2 (11th Cir. Jan. 29, 2008)("On October 26, 2007, the State filed its revised lethal injection protocol, which differed only minimally from prior procedures.")

## II. STANDARD OF REVIEW

Amendment of pleadings is governed by Fed. R. Civ. P. 15. In relevant part, subsection (a) of that Rule provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it any time within 20 days after it is served. Otherwise a party may amend the party's pleading only be leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

This rule is generally construed as supportive of allowing amendments of pleadings. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). When a district court does deny a motion to amend, the denial must be justified. Foman, 371

4

U.S. at 182, 83 S.Ct. at 230.    Permissible justifications include: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment.  Riley v. Taylor, 62 F.3d 86, 90 (3rd Cir. 1995).    Any one of these justifications is a sufficient reason to deny a motion to amend the complaint. Foman, 371 U.S. at 172, 83 S.Ct. at 230.

## III. SIEBERT'S MOTION TO AMEND SHOULD BE DENIED

Siebert's request to amend his complaint should be denied because it was filed with undue delay and bad faith or dilatory motive.    Furthermore, allowing that amendment would be futile and prejudice the State.    The defendants address each of these reasons that, standing alone, allow this Court to strike Siebert's second amended complaint.

There can be no serious debate that Siebert filed his amended complaint with undue delay.    Siebert's counsel was served with the revised execution procedures on October 18, 2007.    See Doc. 56.    Siebert's counsel filed a second amended complaint over four months later, on February 22, 2008, alleging for the first time that the minor modifications to the execution protocol were not adequate.

5

Siebert has not indicated a reason why he waited four months to file his second amended complaint.

The timing of Siebert's request to file a second amended complaint indicates that he filed an amendment only because the Eleventh Circuit, on January 29, 2008, for the first time ruled that the statute of limitations applies to method of execution challenges filed pursuant to 42 U.S.C. § 1983.  McNair v. Allen, No. 08-10100, 2008 WL 227945 (11th Cir. Jan. 29, 2008).  In particular, the Eleventh Circuit ruled that "a method of execution claim accrues on the later of the date on which state review [on direct appeal] is complete, or the date on which the capital litigant becomes subject to a new or substantially changed execution protocol."  McNair, 2008 WL 227945, at *4.  The holding in McNair is why Siebert's complaint alleges the recent changes to Alabama's execution protocol are "significant" and "substantial."  Doc. 102-2 at ¶ 3, ¶ 21.

Because the timing of Siebert's requested amendment is based on the Eleventh Circuit's holding in McNair (and not due to concerns about the modifications), Siebert's amendment should be denied because it was raised in bad faith or due to a dilatory motive.  The addition of a

6

safeguard does not, as Siebert contends, create a new protocol or substantially alter the pre-existing protocol. In McNair, the Eleventh Circuit was well aware of the minor revision recently instituted by the Alabama Department of Corrections (ADOC) and held that James Callahan's § 1983 lethal-injection challenge was untimely because he failed to file it within two years of his election of lethal injection as the method by which he would be executed. McNair, 2008 WL 227945, at *3-8. The McNair Court found that the State's "revised lethal injection protocol … differ[s] only minimally from prior procedures." Id. at *3. Thus, the Eleventh Circuit has recognized, as a matter of law, that the safeguard recently added to Alabama's lethal injection protocol was a minimal change and does not create a new protocol or excuse Siebert's amendment that was filed with undue delay.

In another lethal injection challenge filed after the recent modifications to Alabama's execution protocol, the district court in Arthur v. Allen, 07-0722-WS-M, 2007 WL 4105113 (S.D. Ala. Nov. 15, 2007), emphasized that the allegations concerning the recent changes do not alter the Eighth Amendment cause of action that there is a risk that

the inmate will suffer pain because he is insufficiently anesthetized when the potassium chloride is administered. Arthur, 2007 WL 4105113 at *2.    In the lawsuit filed by Arthur, identical to Siebert's amended complaint, the district court correctly held that the "modifications … do not provide the basis, or even part of the basis, for the plaintiff's constitutional challenge."    Id.    The district court recognized that "[t]his is not surprising, since it would be difficult to conceive how adding the safeguards of physical confirmation of unconsciousness (even by an unqualified individual) and additional anesthetic could affirmatively increase the chances of inflicting unconstitutional pain."    Id. at *2 n.4.    In another lethal injection challenge, a district court in Arkansas ruled that a recent revision to the execution protocol did not restart the equitable clock.    See Nooner v. Norris, et al., 06-cv-110-SWW (E.D. Ark. Sept. 11, 2007).    In particular, that Court ruled: "Although the [Arkansas Department of Corrections] revised the lethal injection protocol on July 16, 2007, the revisions did nothing to change the component of the protocol essential to Nooner's claim: the serial administration of thiopental, pancuronium bromide, and

potassium chloride." Nooner, slip op. at 17. Accordingly,
the district court in Nooner ruled that the plaintiff
inmate filed his lethal injection challenge with undue
delay. Id.

Because the Eleventh Circuit in McNair ruled that
Alabama's recent revision to its lethal injection protocol
did not reset the statute of limitations, Siebert's
amendment should be denied because it would be futile to
allow it. An "[a]mendment of the complaint is futile if
the amendment will not cure the deficiency in the original
complaint or if the amended complaint cannot withstand a
renewed motion to dismiss." Jablonski v Pan American World
Airways, Inc., 863 F.2d 289, 292 (3rd Cir. 1988)(citation
omitted). With full knowledge of the State's recent
revision, the McNair Court found that the "revised lethal
injection protocol … differ[s] only minimally from prior
procedures," and that, despite the minimal revision, the
statute of limitations applicable to Callahan's lethal
injection challenge expired on July 31, 2004. McNair, 2007
WL 227945 at *3-8. Similarly, Siebert "was free to
challenge the method of his execution beginning July 31,
2002, by which time the facts which would support a cause

of action should have been apparent to any person with a
reasonably prudent regard for his rights." Id. at 8.
Accordingly, pursuant to McNair, the applicable statute of
limitations expired on July 31, 2004, over two years before
Siebert filed his current § 1983 action. It would be
futile, therefore, to allow an amendment of a complaint
that is time barred.

Finally, allowing Siebert to file an amendment to his
complaint will cause undue prejudice to the State.
Siebert's appeals of his conviction and sentence regarding
the Linda Jarmin murder have recently concluded. See Allen
v. Siebert, 552 U.S. __, 128 S.Ct. 2 (2007), on remand,
Siebert v. Allen, No. 06-11841, __ F.3d __ (11th Cir. Feb.
25, 2008). The State's "strong interest in meting out a
sentence of death in a timely manner acquires 'an added
moral dimension' when post-trial proceedings have run their
course." Grayson v. Allen, 499 F.Supp.2d 1228, 1240 (M.D.
Ala. 2007) (quoting Calderon v. Thompson, 523 U.S. 538, 556
(1998)); see also Jones v. Allen, 485 F.3d 635, 639 n.2
(Apr. 27, 2007)("As a matter of common sense, completion of
collateral review eliminates the last possible obstacle to
execution, and Jones should have foreseen that the

execution date would likely be set promptly upon completion of collateral review."). Because Siebert's appeals have concluded, the State has a well recognized interest to carry out its duly adjudicated judgment in an expeditious manner. Siebert's attempts to delay his execution by requesting permission to file amendments to his time barred lawsuit cause prejudice to the State. Thus, this Court should deny Siebert's request to amend his complaint.

## IV.  CONCLUSION

WHEREFORE, for the foregoing reasons, this Court should deny Siebert's request to file his second amended complaint.

Respectfully submitted,

Troy King
*Alabama Attorney General*

**s/ J. Clayton Crenshaw**
J. Clayton Crenshaw (CRE007)
Jasper Roberts (ROB157)
*Assistant Attorneys General*

## CERTIFICATE OF SERVICE

This is to certify that on the 4th day of March, 2008, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following: **Anne E. Borelli and Thomas M. Goggans.**


*s/ J. Clayton Crenshaw*
J. Clayton Crenshaw
*Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
Telephone:  334.242.7300
Fax:  334.353.3637
Email: ccrenshaw@ago.state.al.us
       jroberts@ago.state.al.us