**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK                                                TELEPHONE (334) 954-3600

March 5, 2008

# NOTICE OF CORRECTION

**From:    Clerk's Office**

**Case Style:    Siebert v. Allen et al**

**Case Number:    2:07-cv-00295-MEF**

**This Notice of Correction was filed in the referenced case this date to correct the erroneous PDF document previously attached by E-Filer**

**The correct PDF document is attached to this notice for your review.   Reference is made to document # 107  filed on   March 4, 2008.**

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| DANIEL LEE SIEBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  2:07-cv-295-MEF-WC |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OBJECTION AND MOTION TO STRIKE SIEBERT'S SECOND AMENDED COMPLAINT**

Siebert has filed a motion requesting permission to file a second amended complaint.  See Doc. 102 (filed on February 22, 2008).  In his motion, Siebert seeks to raise a new claim based on the Alabama Department of Corrections "adopt[ing] a new lethal injection protocol on October 18, 2007."  Id.  Siebert further contends, despite waiting four months after the Department of Corrections augmented its existing protocol to file this amendment, that he "has not had a prior opportunity to plead with respect to the change in procedures."  Id.  The defendants hereby object and move to strike Siebert's request to file a second amended complaint.  In support, the defendants state the following:

**I.    PERTINENT BACKGROUND INFORMATION**

In April 2007, Siebert filed a lawsuit seeking to enjoin the defendants "from using Alabama's current lethal injection procedures to execute him." See Doc. 1. Under those procedures, the State uses a three-drug sequence to induce death: (1) a rapid-acting anesthetic (sodium pentothal); (2) a drug inducing muscle paralysis (pancuronium bromide); and (3) a drug administered to stop the heart (potassium chloride). Doc. 1 at ¶ 17. Siebert's complaint alleged that potassium chloride is capable of causing excruciating pain to an inadequately anesthetized person and that the paralysis induced by pancuronium bromide would prevent an insufficiently anesthetized person from alerting anyone to his distress through muscle movement. Doc. 1 at ¶ 20. Siebert's complaint alleged that the drugs utilized, the standards for their administration, and inadequate qualifications for personnel involved in the process, "create a grave and substantial risk that Siebert will be conscious throughout the execution process and, as a result, will experience an excruciatingly painful and protracted death." Id. at ¶ 28.

Siebert recently filed a second amended complaint seeking an injunction "to prevent the Defendants from using Alabama's current lethal injection procedures to execute him." Doc. 102-2 at ¶ 1 (filed on Feb. 22, 2008). Using the identical language employed in his initial complaint, Siebert alleges that the constitutional violation arises from the risk that the inmate will be conscious during his execution and thus experience excruciating pain from the potassium chloride. Compare Doc. 1 at ¶¶ 18-21; Doc. 102-2 at ¶¶ 26-29.

Recently, the Department of Corrections augmented the existing execution protocol with the following safeguard to further ensure that the inmate is unconscious: (1) examination of the inmate by an execution team member, following administration of the sodium pentothal but before administration of the pancuronium bromide, to assess the inmate's consciousness (by calling his name, gently stroking his eyelashes, and pinching his arm); and (2) administration of a second dosage of sodium pentothal if the preceding examination reveals consciousness. See Doc. 56. Siebert does not allege that the modifications to the protocol cause or exacerbate an Eighth Amendment violation.

3

Nor has he alleged any cause of action based on the consciousness assessment. Rather, he alleges only that the modifications are "substantial, though inadequate to meet constitutional standards." Doc. 102-2 at ¶ 21; cf. McNair v. Allen, __ F.3d __, 2008 WL 227945 at *2 (11th Cir. Jan. 29, 2008)("On October 26, 2007, the State filed its revised lethal injection protocol, which differed only minimally from prior procedures.")

## II.  STANDARD OF REVIEW

Amendment of pleadings is governed by Fed. R. Civ. P. 15. In relevant part, subsection (a) of that Rule provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it any time within 20 days after it is served. Otherwise a party may amend the party's pleading only be leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

This rule is generally construed as supportive of allowing amendments of pleadings. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). When a district court does deny a motion to amend, the denial must be justified. Foman, 371

4

U.S. at 182, 83 S.Ct. at 230. Permissible justifications include: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment. <u>Riley v. Taylor</u>, 62 F.3d 86, 90 (3rd Cir. 1995). Any one of these justifications is a sufficient reason to deny a motion to amend the complaint. <u>Foman</u>, 371 U.S. at 172, 83 S.Ct. at 230.

**III. SIEBERT'S MOTION TO AMEND SHOULD BE DENIED**

Siebert's request to amend his complaint should be denied because it was filed with undue delay and bad faith or dilatory motive. Furthermore, allowing that amendment would be futile and prejudice the State. The defendants address each of these reasons that, standing alone, allow this Court to strike Siebert's second amended complaint.

There can be no serious debate that Siebert filed his amended complaint with undue delay. Siebert's counsel was served with the revised execution procedures on October 18, 2007. See Doc. 56. Siebert's counsel filed a second amended complaint over four months later, on February 22, 2008, alleging for the first time that the minor modifications to the execution protocol were not adequate.

5

Siebert has not indicated a reason why he waited four months to file his second amended complaint.

The timing of Siebert's request to file a second amended complaint indicates that he filed an amendment only because the Eleventh Circuit, on January 29, 2008, for the first time ruled that the statute of limitations applies to method of execution challenges filed pursuant to 42 U.S.C. § 1983. McNair v. Allen, No. 08-10100, 2008 WL 227945 (11th Cir. Jan. 29, 2008). In particular, the Eleventh Circuit ruled that "a method of execution claim accrues on the later of the date on which state review [on direct appeal] is complete, or the date on which the capital litigant becomes subject to a new or substantially changed execution protocol." McNair, 2008 WL 227945, at *4. The holding in McNair is why Siebert's complaint alleges the recent changes to Alabama's execution protocol are "significant" and "substantial." Doc. 102-2 at ¶ 3, ¶ 21.

Because the timing of Siebert's requested amendment is based on the Eleventh Circuit's holding in McNair (and not due to concerns about the modifications), Siebert's amendment should be denied because it was raised in bad faith or due to a dilatory motive. The addition of a

6

safeguard does not, as Siebert contends, create a new protocol or substantially alter the pre-existing protocol. In McNair, the Eleventh Circuit was well aware of the minor revision recently instituted by the Alabama Department of Corrections (ADOC) and held that James Callahan's § 1983 lethal-injection challenge was untimely because he failed to file it within two years of his election of lethal injection as the method by which he would be executed. McNair, 2008 WL 227945, at *3-8. The McNair Court found that the State's "revised lethal injection protocol … differ[s] only minimally from prior procedures." Id. at *3. Thus, the Eleventh Circuit has recognized, as a matter of law, that the safeguard recently added to Alabama's lethal injection protocol was a minimal change and does not create a new protocol or excuse Siebert's amendment that was filed with undue delay.

In another lethal injection challenge filed after the recent modifications to Alabama's execution protocol, the district court in Arthur v. Allen, 07-0722-WS-M, 2007 WL 4105113 (S.D. Ala. Nov. 15, 2007), emphasized that the allegations concerning the recent changes do not alter the Eighth Amendment cause of action that there is a risk that

7

the inmate will suffer pain because he is insufficiently anesthetized when the potassium chloride is administered. Arthur, 2007 WL 4105113 at *2. In the lawsuit filed by Arthur, identical to Siebert's amended complaint, the district court correctly held that the "modifications … do not provide the basis, or even part of the basis, for the plaintiff's constitutional challenge." Id. The district court recognized that "[t]his is not surprising, since it would be difficult to conceive how adding the safeguards of physical confirmation of unconsciousness (even by an unqualified individual) and additional anesthetic could affirmatively increase the chances of inflicting unconstitutional pain." Id. at *2 n.4. In another lethal injection challenge, a district court in Arkansas ruled that a recent revision to the execution protocol did not restart the equitable clock. See Nooner v. Norris, et al., 06-cv-110-SWW (E.D. Ark. Sept. 11, 2007). In particular, that Court ruled: "Although the [Arkansas Department of Corrections] revised the lethal injection protocol on July 16, 2007, the revisions did nothing to change the component of the protocol essential to Nooner's claim: the serial administration of thiopental, pancuronium bromide, and

8

potassium chloride." Nooner, slip op. at 17. Accordingly, the district court in Nooner ruled that the plaintiff inmate filed his lethal injection challenge with undue delay. Id.

Because the Eleventh Circuit in McNair ruled that Alabama's recent revision to its lethal injection protocol did not reset the statute of limitations, Siebert's amendment should be denied because it would be futile to allow it. An "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." Jablonski v Pan American World Airways, Inc., 863 F.2d 289, 292 (3rd Cir. 1988)(citation omitted). With full knowledge of the State's recent revision, the McNair Court found that the "revised lethal injection protocol … differ[s] only minimally from prior procedures," and that, despite the minimal revision, the statute of limitations applicable to Callahan's lethal injection challenge expired on July 31, 2004. McNair, 2007 WL 227945 at *3-8. Similarly, Siebert "was free to challenge the method of his execution beginning July 31, 2002, by which time the facts which would support a cause

9

of action should have been apparent to any person with a reasonably prudent regard for his rights." Id. at 8. Accordingly, pursuant to McNair, the applicable statute of limitations expired on July 31, 2004, over two years before Siebert filed his current § 1983 action. It would be futile, therefore, to allow an amendment of a complaint that is time barred.

Finally, allowing Siebert to file an amendment to his complaint will cause undue prejudice to the State. Siebert's appeals of his conviction and sentence regarding the Linda Jarmin murder have recently concluded. See Allen v. Siebert, 552 U.S. __, 128 S.Ct. 2 (2007), on remand, Siebert v. Allen, No. 06-11841, __ F.3d __ (11th Cir. Feb. 25, 2008). The State's "strong interest in meting out a sentence of death in a timely manner acquires 'an added moral dimension' when post-trial proceedings have run their course." Grayson v. Allen, 499 F.Supp.2d 1228, 1240 (M.D. Ala. 2007) (quoting Calderon v. Thompson, 523 U.S. 538, 556 (1998)); see also Jones v. Allen, 485 F.3d 635, 639 n.2 (Apr. 27, 2007)("As a matter of common sense, completion of collateral review eliminates the last possible obstacle to execution, and Jones should have foreseen that the

execution date would likely be set promptly upon completion of collateral review."). Because Siebert's appeals have concluded, the State has a well recognized interest to carry out its duly adjudicated judgment in an expeditious manner. Siebert's attempts to delay his execution by requesting permission to file amendments to his time barred lawsuit cause prejudice to the State. Thus, this Court should deny Siebert's request to amend his complaint.

**IV. CONCLUSION**

WHEREFORE, for the foregoing reasons, this Court should deny Siebert's request to file his second amended complaint.

Respectfully submitted,

Troy King
*Alabama Attorney General*

***s/ J. Clayton Crenshaw***
J. Clayton Crenshaw (CRE007)
Jasper Roberts (ROB157)
*Assistant Attorneys General*

**CERTIFICATE OF SERVICE**

This is to certify that on the 4th day of March, 2008, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following: **Anne E. Borelli and Thomas M. Goggans.**

                                        *s/ J. Clayton Crenshaw*
                                        J. Clayton Crenshaw
                                        *Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
Telephone:  334.242.7300
Fax:  334.353.3637
Email: ccrenshaw@ago.state.al.us
       jroberts@ago.state.al.us