IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL LEE SIEBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:07-cv-295-MEF-WC |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO RECONSIDER THE GRANT OF SIEBERT'S MOTION FOR AN ENLARGEMENT OF TIME**

The defendants filed a motion for summary judgment on Siebert's lethal injection challenge regarding the Linda Jarman murder. Doc. 99 (filed Feb. 21, 2008). This Court entered an order on February 22, 2008, stating, inter alia, that Siebert's response is due on March 7, 2008. See Doc. 100. Siebert waited until March 3, 2008, four days before his response was due, to file a motion requesting "sixty days to respond from the date Defendants comply with a discovery request served on them today, March 3, 2008." Doc. 106 at 1. This Court, the day after Siebert's enlargement motion was filed, entered an order granting Siebert's motion in part, requiring Siebert to file his response on June 9, 2008, rather than March 7, 2008. See Doc. 108. The defendants did not have an opportunity to

respond to Siebert's tardy request.  Thus, the defendants hereby file this motion for this Court to reconsider its order and require Siebert to file his response in a more expeditious manner.  In support, the defendants offer the following:

Siebert's appeals of his conviction and sentence regarding the Linda Jarman murder have recently concluded. See Allen v. Siebert, 552 U.S. __, 128 S.Ct. 2 (2007), on remand, Siebert v. Allen, No. 06-11841, __ F.3d __ (11th Cir. Feb. 25, 2008).  Thus, the State's "strong interest in meting out a sentence of death in a timely manner acquires 'an added moral dimension' when post-trial proceedings have run their course."  Grayson v. Allen, 499 F.Supp.2d 1228, 1240 (M.D. Ala. 2007)(quoting Calderon v. Thompson, 523 U.S. 538, 556 (1998)).  Because Siebert's appeals have concluded, the State has a well-recognized interest in carrying out its duly adjudicated judgment in an expeditious manner.  Siebert's attempts to delay his execution by requesting enlargements of time cause prejudice to the State.  Thus, this Court should reconsider its order, see Doc. 108, and require Siebert to file a

2

response to the defendants' summary judgment motion as soon as possible.

As grounds supporting the request for an enlargement of time, Siebert contended that his response to the defendants' summary judgment motion can be made only after the submission of all discovery materials. Doc. 106 at 2. Siebert did not disclose in his enlargement motion, however, that the defendants provided by electronic delivery on January 14-16, 2008, almost <u>two months</u> ago, all of the discovery they have that is germane to the lethal injection claim. The defendants, in an effort to have this case resolved as quickly as possible, provided Siebert's counsel on January 14-16, 2008, by electronic delivery the items listed in Appendix A to this motion. As this Court will see, many of the items listed in that appendix were most likely not discoverable, but the defendants disclosed the documents in an effort to expedite this case.

Siebert's enlargement motion contends he needs discovery to see "how many versions [of the protocol] have been employed since adoption in 2002, when revisions were undertaken, and the substance of those revisions." Doc. 106 at 2. Siebert has had the information to answer those

3

questions since at least January 2008, when the defendants provided electronic discovery of the information provided in Appendix A.

The information provided to Siebert indicates <u>inter alia</u> that Alabama's execution protocol was adopted in July 2002 and has remained the same until a consciousness assessment check was adopted on or about October 18, 2007. See Doc. 56 (notice of filing with the newly revised execution protocol as an exhibit). Although the execution protocol has remained constant until the minor modification adopted in October 2007, some revisions were made in 2006 to the written protocol that were "either grammatical/stylistic in nature, provided additional detail, corrected typographical errors, and/or were made to ensure that the document was consistent throughout." Anne Adams' Affidavit dated March 20, 2007 (provided to Siebert's counsel on January 14-15). In his deposition taken in another lethal injection case, Warden Culliver, who has presided over every Alabama lethal injection execution, testified that in March 2007, when the deposition was taken, no substantive changes had been made

4

to the execution protocol. Culliver Depo. at 32 (provided to Siebert's counsel on January 14-15).

Siebert recently, on March 3, 2008, served on defendants' counsel a discovery request. Of course, the defendants will respond to this discovery request in a timely manner. However, in regards to the execution protocol, the defendants have turned over everything in its possession. That information was turned over to Siebert's counsel on January 14-16, 2008, thus, there has been adequate time for Siebert's counsel to review this material and formulate a response to the defendants' summary judgment motion.

For the foregoing reasons, the defendants respectfully request this Court reconsider its order granting in part Siebert's enlargement motion and instead enter a new order requiring a response to defendants' summary judgment motion within the next seven days.

>Respectfully submitted,
>
>Troy King
>*Alabama Attorney General*
>
>***s/ J. Clayton Crenshaw***
>J. Clayton Crenshaw (CRE007)
>Jasper Roberts (ROB157)
>*Assistant Attorneys General*

5

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of March, 2008, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following: **Anne E. Borelli and Thomas M. Goggans.**


                                              *s/ J. Clayton Crenshaw*
                                              J. Clayton Crenshaw
                                              *Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
Telephone:  334.242.7300
Fax:  334.353.3637
Email: ccrenshaw@ago.state.al.us
       jroberts@ago.state.al.us

6

# APPENDIX A

# List of Documents Disclosed to
# Siebert's attorneys during initial disclosures

**These Documents Were Disclosed To Counsel For Siebert On January 14th And 15th Of 2008. These Documents Were Located On Prolaw.**

1) The defendant's responses and objections to Plaintiff's first set of interrogatories. From the McNair case.
2) The defendant's responses to plaintiffs' revised supplemental first set of interrogatories. From the McNair case.
3) Anne Adams affidavit dated March 20, 2007. This affidavit addresses changes made to the execution protocol in 2006, and states that the changes were stylistic and grammatical, not substantive. From the McNair Case.
4) James Houts affidavit dated March 21, 2007. This affidavit discusses the misrepresentation of the AVMA report and MD 1's qualification to perform a central line. From the McNair case.
5) Warden Culliver affidavit dated August 10, 2007. This affidavit discusses the execution procedure in general, the fact that there have been 13 execution, the qualifications of the execution team, and Culliver's efforts to monitor the inmate. From the McNair case.
6) Dershwitz CV prepared July 23, 2007. From the McNair case.
7) Declaration of Dr. Dershwitz prepared March 24, 2007, with the following exhibits: another CV (dated February 5, 2007), and three graphs of thiopental's effects over time. From the McNair case.
8) Plaintiffs' objections and responses to defendants' first set of interrogatories dated July 9, 2007. From the McNair case.
9) Dershwitz error sheet from his deposition. Error sheet prepare on September 30, 2007. From the McNair case.
10)     Dr. Heath's deposition from September 23, 2007 (date deposition occurred, not when received).
11)     Dr. Heath's exhibits from his deposition. Includes a notification of a grievance in Cooey and an affidavit from Dr. Heath that were used by Cooey. From the McNair case.
12)     Exhibit from the Heath deposition. Consists of Heath's declaration he filed in the Morales case. From the McNair case.
13)     Exhibit from the Heath deposition. Consists of Heath's declaration from the Darrell Grayson's case. From the McNair case.
14)     Exhibit from the Heath deposition. Consists of supplemental expert report executed by Dr. Heath on September 20, 2007. States

that there may have been problems gaining vein access.  From McNair case.
15) Exhibit from the Heath deposition.  Consists of Heath's expert report dated September 14, 2007.  From the McNair case.
16) Exhibit from the Heath deposition.  Consists of affidavit of Dr. Heath from the Lewis Williams v. Taft case.  From the McNair case.
17) Exhibit from the Heath deposition.  Consists of the Alabama's execution protocol prior to addition of consciousness accessment.  Bate Stamp DEF000922.  From the McNair case.
18) Rough draft of Dershwitz deposition.  From the McNair case.
19) Rough draft of Heath deposition.  From the McNair case.
20) Dr. Mark Dershwitz deposition.  From the McNair case.
21) Expert report from Heath dated September 14, 2007.  From McNair.
22) Golab affidavit discussing the misrepresentations of the AVMA report dated September 11, 2007.  From McNair.
23) RN deposition held on August 15, 2007.  From McNair.
24) Plaintiff's exhibit during EMT 2's deposition.  Consists of a sketch of the execution area.  From McNair.
25) Rough draft of EMT 2's August 13, 2007 deposition.  From McNair.
26) Plaintiff's exhibits from EMT 1's deposition.  Consists of pictures of the wall in the execution chamber and a sketch of the execution area.
27) Rough draft of EMT 1's August 13, 2007 deposition.  From McNair.
28) Plaintiff's exhibit at DOC 2's deposition.  Consists of sketch of execution area. From McNair.
29) DOC 2's deposition in compressed form.  From McNair.
30) DOC 2's August 7, 2007 deposition.  From McNair.
31) DOC 1's deposition in compressed form.  From McNair.
32) DOC 1's August 7, 2007 deposition.  From McNair.
33) Warden Culliver's March 27, 2007 deposition in compressed form.  From McNair case.
34) Plaintiff's exhibit 6 from the Culliver deposition.  Execution logs from Johnson.  From McNair case.
35) Plaintiff's exhibit 5 from the Culliver deposition.  Execution logs from Centobie.  From McNair case.
36) Plaintiff's exhibit 4 from the Culliver deposition.  Sketch of execution area.  From McNair case.

37) Plaintiff's exhibit 3 from the Culliver deposition. Execution protocol prior to addition of consciousness accessment. Bate Stamp DEF000938. From McNair case.
38) Plaintiff's exhibit 2 from the Culliver deposition. Execution protocol. Bate Stamp DEF000904. From McNair case.
39) Plaintiff's exhibit 1 from the Culliver deposition. Consists of The defendant's responses and objections to Plaintiff's first set of interrogatories. From McNair case.
40) Warden Culliver's March 27, 2007 deposition. From McNair case. From McNair.
41) Dr. Dershwitz CV prepared March 24, 2005. From McNair case. From McNair.
42) Culliver July 28, 2004 affidavit discussing Culliver's discussions with Hubbard regarding what to do with Hubbard's body and belongings. From Jones and from McNair.
43) Toxicology report on Hutcherson. From McNair, also in Jones.
44) Michael Thompson's execution file. From McNair.
45) George Sibley's execution file. From McNair.
46) John People's death warrant from Talladega County. From McNair.
47) John People's execution file. From McNair.
48) Anthony Johnson's execution file. From McNair.
49) Larry Hutcherson's execution file. From McNair.
50) An article on James Hubbard that was turned over (for some reason) in the McNair case.
51) James Hubbard's execution file. From the McNair case.
52) David Hocker's execution file. From the McNair case.
53) Jerry Henderson's execution file. From the McNair case
54) Tommy Fortenberry's execution file. From the McNair case.
55) Mario Centobie's execution file. From the McNair case.
56) Documents relating to the execution equipment, such as Stryker Medical booklet on the stretcher. This was turned over in the McNair case. From the McNair case.
57) A file on the execution procedures and its creation. Includes Georgia's execution procedure, an transcript of an interview with Culliver, sketches of the execution area, a letter from the commissioner suspending construction on the execution chamber, a letter from South Carolina relating to the chemicals, Terry Duffy's (from Georgia) application for a DEA drug license, what looks like a

pamphlet on the practice arm, some receipts, a price quote on the heart monitor, a pamphlet for a consciousness monitor, etc.  This was turned over in <u>McNair</u>.  From the <u>McNair</u> case.
58)     Gary Brown's execution file.  From the <u>McNair</u> case.

**The Following Documents Were Turned Over To Counsel For Siebert On January 16, 2007.  The Documents Are From CDs Provided To The Defendant's From The Attorneys At White And Case In The <u>McNair</u> Case.**

59)     Video from Alabama Department of Forensic Sciences.  Looks like videos of dead bodies.  McNair001339.  From <u>McNair</u> and <u>Callahan</u>.
60)     Video from Alabama Department of Forensic Sciences.  Looks like videos of dead bodies.  McNair001340.  From <u>McNair</u> and <u>Callahan</u>.
61)     Darrell Grayson's medical files.
62)     Aaron Jones file and execution log.  Includes a March 20, 2007 affidavit from Culliver describing the EMT's participation in executions and Culliver's efforts to monitor the inmate during the execution, the motion to set an execution date, waivers from witnesses to the execution, ect.
63)     Bate Stamped files DEF000001 through DEF001235.  From the <u>Jones, McNair, and Callahan</u>.
64)     Bate stamped files McNair000761-806.  Consists of photographs provided by the Alabama Department of Forensic Sciences.  From the <u>McNair</u> and <u>Callahan</u>.
65)     Bate stamped McNair000807 - McNair001338.  Documents received by the Alabama Department of Forensic Sciences and includes DFS's autopsy file on Gary Brown.  From <u>McNair</u> and <u>Callahan</u>.

> Prepared by and documents produced to opposing counsel by Jasper B. Roberts, Jr.