IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL LEE SIEBERT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 2:07-cv-295-MEF-WC |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS'S OBJECTION TO SIEBERT'S MOTION FOR AN EXTENSION OF TIME TO FILE EXPERT DISCLOSURES**

Siebert has moved "for an extension of time to file expert disclosures in this case." Doc. 115 (filed April 3, 2008). Siebert requests that his expert disclosures, which are now due on April 11, 2008, be extended until 90 days before trial, which would make them due on August 13, 2008. Id. at 3. This Court entered an order requiring the defendants to file a response to Siebert's motion. See Doc. 116. The defendants hereby file their objection to Siebert's motion.

Siebert's motion references that he has two categories of claims that are still pending: (1) a general challenge to Alabama's execution protocol, and (2) a challenge based on his contention that he has

pancreatic cancer which will cause difficulties (that have never been spelled out) in carrying out his execution. Siebert contends that he cannot file his expert disclosure regarding the general challenge because he "has received no disclosures related to the current, new protocol adopted on or about October 19, 2007[.]" Doc. 115 at 1. Siebert further contends that he cannot submit an expert disclosure without "the additional requested information." Id. at 2. Regarding his as applied challenge, Siebert contends that his changing physical condition along with not receiving "information on his present condition" are sufficient cause to warrant his motion being granted. Id.

Regarding Siebert's general challenge, Siebert has had possession of the minor modifications made to Alabama's execution protocol since they were enacted in October 2007. See Doc. 56. The minor modifications to the execution protocol involve a consciousness-assessment check made after the administration of the anesthetic drug. Id. In addition, Siebert received by electronic delivery on January 14-16, 2008, all of the discovery that the defendants have that is germane to the lethal-

2

injection claim. See Doc. 111, Ex. A (listing items). Despite having over five months to review the execution protocol and three months to review the provided discovery, Siebert contends that his expert needs more time to prepare an expert disclosure. The defendants object to Siebert's motion on the grounds that there has been more than sufficient time to review the provided materials. Furthermore, Siebert has provided no statement from an expert that they do not have sufficient information to provide an expert witness disclosure.

Regarding the as applied claim, Siebert initially contends that he needs additional time because of his changing medical condition. Doc. 115 at 2. Siebert's motion further sets forth various medical maladies from which Siebert is presently suffering. Id. These are not sufficient grounds to warrant additional time to file an expert disclosure. If Siebert indeed has pancreatic cancer, he will suffer painful symptoms, some of which are described in Siebert's motion for additional time. That Siebert will continue to suffer painful symptoms associated with his medical condition is irrelevant to whether an expert witness can prepare a disclosure. If

3

Siebert's argument carries the day Siebert will never have to file an expert disclosure because his medical symptoms will continue to change and his symptoms will become more painful.  Dr. Jimmie Harvey, an oncologist who has apparently been consulting with Siebert since October 2007, recently performed an examination of Siebert on April 3, 2008.  Dr. Harvey, who could have examined Siebert at any time since October 2007, has not filed any document indicating that he does not have enough time to file his expert disclosure.

Siebert also contends that he does not have "information on his present condition sufficient to render an expert opinion."  Doc. 115 at 2.  To support this conclusion, Siebert's motion mentions that a CT scan was performed by Dr. Travis Paul at North Baldwin Hospital sometime in March 2008.  Id.  However, based on information and belief, Dr. Harvey was allowed to examine Siebert's medical file when he was at Holman on April 3, 2008, which presumably contained the most recent medical records generated by private medical providers.

For the foregoing reasons, the defendants object to Siebert's motion for an extension of time to file expert disclosures.

                              Respectfully submitted,

                              Troy King
                              *Alabama Attorney General*

                              ***s/ J. Clayton Crenshaw***
                              J. Clayton Crenshaw (CRE007)
                              Jasper B. Roberts (ROB157)
                              *Assistant Attorneys General*

**CERTIFICATE OF SERVICE**

This is to certify that on the 7th day of April, 2008, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following:    **Anne E. Borelli and Thomas M. Goggans.**

>                                   *s/ J. Clayton Crenshaw*
>                                   J. Clayton Crenshaw
>                                   *Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
Telephone:  334.242.7300
Fax:  334.353.3637
Email: ccrenshaw@ago.state.al.us
       jroberts@ago.state.al.us