IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL LEE SIEBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:07-cv-295-MEF-WC |
| | ) |
| RICHARD ALLEN, Commissioner, | ) |
| Alabama Department of | ) |
| Corrections, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS'S MOTION FOR SUMMARY JUDGMENT**

Defendants Richard Allen, Commissioner, and Grantt Culliver, Warden, move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on grounds that there is no genuine issue of material fact and the defendants are entitled to a judgment as a matter of law regarding Siebert's general lethal-injection claim. See Doc. 114 (second amended complaint). In support of this motion, defendants rely on the Eleventh Circuit's recent decision in <u>McNair v. Allen</u>, 515 F.3d 1168 (11th Cir. Jan. 29, 2008), that applied for the first time a statute of limitations to lethal-injection claims such as the one raised by Siebert. In addition, the defendants request summary judgment on Siebert's attempt to raise two separate

lethal-injection challenges to Alabama's execution procedure.

I.   **PERTINENT BACKGROUND INFORMATION**

This Court has previously entered a memorandum opinion that, inter alia, summarizes the procedural history of Siebert's two capital murder convictions and death sentences that were committed on the same evening. Doc. 70 at 2-7. In 1987, Siebert was convicted of capital murder and sentenced to death for the murders of Sherri Weathers and her two young sons. Siebert v. State, 555 So. 2d 772 (Ala. Crim. App. 1989, aff'd, Ex parte Siebert, 555 So. 2d 780 (Ala. 1989). This Court referred to that crime as the "Weathers murders." Doc. 70 at 6 n.7. In a separate trial, Siebert was convicted of capital murder and sentenced to death for the robbery-murder of Linda Jarman. Siebert v. State, 562 So. 2d 586 (Ala. Crim. App. 1989), aff'd, Ex parte Siebert, 562 So. 2d 600 (Ala. 1990). This Court referred to that crime as the "Jarman murder."

On April 9, 2007, Siebert filed a lawsuit raising a general challenge to the methods and procedures the State of Alabama employs in carrying out executions by lethal injection. See Doc. 1. The defendants filed a motion

2

seeking dismissal of Siebert's complaint. See Doc. 13. The defendants urged dismissal of Siebert's complaint on two grounds: (1) the statute of limitations had run before the filing of the complaint, and (2) the claims for equitable relief were barred by Siebert's unreasonable delay in filing them. Id. Finally, the defendants argued that the complaint failed to state a claim for which relief can be granted. Id.

On July 19, 2007, Siebert filed an amended complaint which this Court construed as raising "two new types of claims pursuant to § 1983." Doc. 39 at 19. This Court stated the following regarding those two claims:

> First, he alleges that because of recently discovered changes in his physical condition [stemming from his alleged diagnoses for pancreatic cancer and hepatitis C] would mean that execution of him using Alabama's lethal injection protocol would likely result in an unacceptable risk of unnecessary pain in violation of the protections against cruel and unusual punishment found in the Eighth Amendment. Second, he has added allegations intended to address the use of the Alabama lethal injection protocol on him for the death sentence he received for the Jarman murder in Talladega County.

Doc. 39 at 19. With respect to those two claims, this Court ruled that Siebert did not unreasonably delay in filing them. Id. at 19-20.

On October 3, 2007, this Court granted in part and denied in part the defendants's motion to dismiss Siebert's amended complaint. Doc. 39. The Court ruled that "this Court is compelled to find that with respect to Siebert's general challenges to the execution protocol, Siebert is not entitled to injunctive relief because he delayed in filing his method-of-execution § 1983 suit until his execution was imminent." Doc. 39 at 18. However, the Court denied the defendants' request to dismiss the Nelson or as-applied claim, ruling that Siebert did not unreasonably delay in filing that claim. Id. at 19-20. In addition, this Court did not dismiss Siebert's general lethal-injection challenge regarding the Jarman murder. Id.

Soon thereafter, Siebert filed a motion to stay the execution that was scheduled for October 25, 2007. See Doc. 44. This Court entered an order denying Siebert's request for a stay. See Doc. 70. In that order, this Court continued to treat the lethal-injection challenge

regarding the Jarman murder as a claim separate from Siebert's lethal-injection challenge to the Weathers murders. See Doc. 70 at 18. The Eleventh Circuit ultimately affirmed this Court's "denial of a preliminary injunction on Siebert's general challenge to Alabama's three-drug protocol." Siebert v. Allen, 506 F.3d 1047, 1050 (11th Cir. 2007). The Eleventh Circuit, however, reversed this Court's "denial of Siebert's Emergency Motion for a Preliminary Injunction on Siebert's 'as-applied' claim," and remanded the case for consideration of Siebert's as-applied claim on the merits. Id. The Eleventh Circuit's opinion, unlike this Court's memorandum opinions, did not treat Siebert's amended complaint as raising two separate lethal-injection challenges.

On remand from the Eleventh Circuit, in response to a joint motion for clarification, see Doc. 85, this Court reiterated that two claims "survive and will be litigated." Doc. 86. This Court specifically stated:

> In this Court's view, as of this date, that means that in addition to his Nelson claim relating to the execution of his sentence for the murders of Sherri Weathers and her sons, Siebert also has a pending general Hill claim challenging Alabama's lethal injection protocol to the extent that the State of Alabama

5

>       intends to employ it to execute his
>       sentence for the murder of Linda Jarman.

Doc. 86. The defendants now turn to their argument that this Court should grant summary judgment on the general lethal-injection challenge for the murder of Linda Jarman.

## II. SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE SIEBERT'S LETHAL-INJECTION CHALLENGE IS BARRED BY THE STATUTE OF LIMITATIONS

Siebert's lethal-injection challenge regarding the Jarman murder is barred by the statute of limitations. Recently in McNair v. Allen, 515 F.3d 1168, 1174 (11th Cir. Jan. 29, 2008), the Court held, as a matter of first impression, that a method of execution claim accrues on the later of the date on which direct appellate review is complete, or the date on which the capital litigant becomes subjected to a new or substantially changed execution protocol. Pursuant to McNair, the statute of limitations on Siebert's § 1983 complaint challenging the constitutionality of Alabama's lethal injection protocol expired in 2004, two years after the State of Alabama changed its method of execution to lethal injection.

All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983

6

action is brought. Wilson v. Garcia, 471 U.S., 261, 275-76, 105 S.Ct. 1938, 1946-47 (1985). Siebert's claim was brought in Alabama, where the governing limitations period is two years. Ala. Code § 6-2-38; Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, Siebert was required to bring the claim within two years from the date the limitations period began to run.

The Eleventh Circuit has long held that in § 1983 actions "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987). In Corn v. City of Lauderdale Lakes, 904 F.2d 858, 588 (11th Cir. 1990), the Court held that it is well established that a federal claim accrues when the prospective plaintiff "knows or has reason to know of the injury which is the basis of the action." In applying these principles to method of execution claims under § 1983, McNair put to rest the question of when a prospective plaintiff knows or has reason to know of the injury, holding that the claim

7

accrues on the later of the date on which the state review is complete or the date on which the capital litigant became subject to new or substantially changed execution protocol. McNair, 515 F.3d at 1174-78.

Siebert's direct appeal review concluded in 1990, when the United States Supreme Court denied his petition for writ of certiorari. Siebert v. Alabama, 497 U.S. 1032 (1990). Thus, pursuant to McNair, Siebert would have been required to file his § 1983 claim prior to 1992, except that the State made a significant change to its method of execution in July 2002. As the Court recognized in Jones v. Allen, 485 F.3d 635, 640 (11th Cir. 2007), the Alabama legislature changed the State's default method of execution from electrocution to lethal injection in July 2002. Jones, 485 F.3d at 637. When the method of execution changed, death row inmates, including Siebert, were given 30 days to notify the Department of Corrections if they elected to be executed by electrocution. See Ala. Code § 15-18-82.1 (2007 Cumulative Supplement). Any inmate who had not selected electrocution by that time would be subject to death by lethal injection. Id. By failing to choose electrocution by July 31, 2002, Siebert's default method of execution

8

became lethal injection. Thus, Siebert was free to challenge the method of his execution beginning July 31, 2002, by which time the facts which would support a cause of action should have been apparent to any person with a reasonably prudent regard for his rights. Mullinax, 817 F.2d at 716. The statute of limitations began to run at that time; therefore, absent a significant change in the state's execution protocol (which did not occur in this case),[1] Siebert was required to file his Eighth Amendment challenge regarding the Jarman murder by July 31, 2004.

However, Siebert tarried, without justification and without excuse, until April 9, 2007, approximately five years after July 2002 when Alabama adopted lethal injection as the method of execution before bringing this claim. Thus, pursuant to McNair, Siebert's § 1983 complaint challenging the constitutionality of Alabama's lethal injection protocol regarding the Jarman murder is barred because it was filed three years after the statute of limitations expired.

---

[1] Pursuant to McNair, the addition in 2007 of the consciousness assessment check did not result in a "significant" change in Alabama's lethal injection protocol. McNair, 515 F.3d at 1177.

Accordingly, there is no genuine issue as to any material fact and the defendants are entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

### III. SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE SIEBERT HAS PROVIDED NO CASE LAW THAT ALLOWS MULTIPLE LETHAL-INJECTION LAWSUITS SOLELY BECAUSE AN INMATE HAS BEEN SENTENCED TO DEATH MULTIPLE TIMES

The defendants also request summary judgment on Siebert's second amended complaint that purports to raise two separate lethal-injection challenges to Alabama's execution procedure. Siebert apparently believes he is entitled to raise two separate lethal-injection challenges solely because he was sentenced to death for separate capital offenses. However, Siebert does not provide any case law that supports any notion that he can pursue multiple lethal-injection actions merely because he is under multiple death sentences. Unlike Siebert's two federal habeas proceedings, where he challenged each death sentence in separate proceedings, Siebert's § 1983 action challenges only one procedure, Alabama's lethal injection procedure. To put it another way, even though Siebert was sentenced to death two times, Alabama has only one procedure by which he will be executed.

In affirming part of this Court's decision, the Eleventh Circuit referenced only Siebert's general challenge to Alabama's execution procedures, and did not mention that Siebert had raised two such challenges. Siebert, 506 F.3d at 1050. Furthermore, the Eleventh Circuit held in McNair, a death-sentenced inmate's cause of action to raise a method of execution accrues on a specific date. McNair, 515 F.3d at 1174-77. In Siebert's case, as the previous section discusses, Siebert's cause of action accrued on July 31, 2002, "the date on which it became clear [Siebert] would die by Alabama's lethal injection protocol." Id. Even though Siebert is under two death sentences, his cause of action for raising a lethal-injection accrued on one specific date. Finally, to take Siebert's argument to its logical conclusion, an inmate who is serving five death sentences would be allowed to raise five separate lethal-injection lawsuits. As previously stated, Siebert has provided no case law that allows such a result.

The defendants are entitled to a judgment as a matter of law because Siebert has not provided any case law that supports his contention that he can raise multiple lethal-

injection lawsuits solely because he is serving two death sentences.

## CONCLUSION

For the forgoing reasons, the defendants respectfully request that this Court grant its motion for summary judgment regarding Siebert's general lethal-injection claim.

Respectfully submitted,

TROY KING
ALABAMA ATTORNEY GENERAL


*s/ J. Clayton Crenshaw*
J. Clayton Crenshaw (CRE007)
Jasper Roberts (ROB157)
Assistant Attorneys General

OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 353-8440 Fax
Email: ccrenshaw@ago.state.al.us
       jroberts@ago.state.al.us

**CERTIFICATE OF SERVICE**

This is to certify that on the 7th day of April, 2008, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following: **Anne E. Borelli and Thomas M. Goggans.**

*s/ J. Clayton Crenshaw*
J. Clayton Crenshaw
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
Telephone:  334.242.7300
Fax:  334.353.3637
Email: ccrenshaw@ago.state.al.us